UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR ANDERS, et al., | Case No. 1:21-cv-00179-AWI-BAM |
| Plaintiffs, | ORDER DENYING PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY |
| v. | |
| CALIFORNIA STATE UNIVERSITY, FRESNO, et al., | (Doc. 9) |
| Defendants. | |

Currently before the Court is Plaintiffs' Motion for Expedited Discovery. (Doc. 9.) The Court finds the motion suitable for decision without oral argument, and the matter is deemed submitted. For the reasons outlined below, Plaintiffs' request for leave to conduct expedited discovery shall be denied.

**I.   Background**[1]

On February 12, 2021, Plaintiffs filed their complaint against California State University, Fresno, and its officials ("Defendants"), alleging that Defendants violated Title IX of the Education

---

[1] In the interest of conserving judicial resources and to expedite a ruling in light of the pending Motion for Preliminary Injunction, the Court does not provide a detailed background of the parties' case. The Court also does not provide a detailed recitation of the parties' arguments on the Motion for Expedited Discovery, which can be found at length in their Joint Statement. (Doc. 22.)

1

Amendments of 1972 and discriminated against Fresno State's female student-athletes by, among other things, depriving women of equal opportunities to participate in intercollegiate athletics and, specifically, by eliminating Fresno State's women's varsity lacrosse team at the end of this academic year. Plaintiffs also filed a Motion for Preliminary Injunction on February 12, 2021. The hearing on that motion is currently scheduled for March 22, 2020.

On February 26, 2021, Plaintiffs filed the Motion for Expedited Discovery. (Doc. 9.) The Notice of Motion states that Plaintiffs request an "Order Expediting Discovery as to a narrow set of documents used to generate Fresno State's official Title IX participation counts for males and females—namely, NCAA Squad Lists, NCAA Hour Limitation Records, and competition records." (*Id.*)

Pursuant to Local Rule 251, Plaintiffs and Defendants filed a Joint Statement of Discovery Disagreement. (Doc. 22.) In the Joint Statement, Plaintiffs explain that Plaintiffs' Motion for Expedited Discovery seeks production of three sets of documents from the academic years of 2012-13 through the present. Those documents include: (1) NCAA Squad Lists, (2) NCAA Hour Limitation Records, and (3) competition records maintained by the athletic department's Title IX compliance officer. Plaintiffs characterize the request as a narrow request for limited documents. Plaintiffs argue that resolution of Plaintiffs' pending Motion for Preliminary Injunction will turn largely on a comparison between women's representation in Fresno State's general student body and their representation, as Title IX participants, in the school's athletics program. (Doc. 22, p. 12.) As to the actual production of the documents, Plaintiffs request that the Court order the documents be produced before the hearing on the Motion for Preliminary Injunction, currently set for Monday, March 22, 2021, a mere few days from now.[2] Plaintiffs argue that this production will not impose a burden on Defendants as "Fresno State must maintain this information so that it can prepare its own official Title IX counts." (Doc. 22, p. 22.)

Defendants argue several reasons why expedited discovery should be denied. Defendants

---

[2] The Motion for Expedited Discovery was scheduled for hearing on Friday, March 19, before being taken under submission. In their motion, Plaintiffs' requested production for the following Monday, March 22, 2021. These hearing dates would have allowed Defendants only the weekend before the Preliminary Injunction hearing to produce the documents, i.e. 48-hour turnaround.

argue that Plaintiffs admit in the Joint Statement, that "Plaintiffs believe the existing record is sufficient to grant their motion for Preliminary Injunction." (*See* Doc. 22, p. 13.) Defendants also argue that Plaintiffs overlooked the Family Educational Rights and Privacy Act of 1974 ("FERPA") which contains mandatory procedures before disclosure can be made. For instance, Fresno State cannot release protected records unless it receives written consent from the student or where "such information is furnished in compliance with judicial order . . ." (Doc. 22, p. 24.) Production of squad lists, hours limitation records and competitions logs cannot be redacted as they identify each student-athlete. Defendants further argue that Plaintiffs have never served any discovery request. The Federal Rule of Civil Procedure 34 Request for production of documents was only attached to the Joint Statement after multiple requests by defense counsel. Defendants next argue the motion is premature under Federal Rule of Civil Procedure 26(d) as the parties have not had their Rule 26(f) conference. Defendants argue the undue burden of the requested information (nine years requiring redactions in a 48-hour turnaround time frame) and the disproportionality of the requested information in light of the statute of limitations warrant denial of the motion. (*See* Doc. 22, p. 26-30.)

**II.     Legal Standard**

Federal Rule of Civil Procedure 26(d) generally provides that a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). "However, courts may permit expedited discovery before the Rule 26(f) conference upon a showing of good cause." *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F.Supp.2d 1160, 1179 (C.D. Cal. 2008), abrogated on other grounds by *United States v. State Water Resources Control Board*, 988 F.3d 1194 (9th Cir. 2021).

"Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). In considering whether good cause exists, factors courts may consider include: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical

discovery process the request was made." *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F.Supp.2d 1086, 1099 (N.D. Cal. 2012).

### III.   Discussion

In considering the relevant factors, the Court finds that Plaintiffs have not demonstrated good cause for expedited discovery. Plaintiffs have filed a motion for preliminary injunction to preserve the status quo. Plaintiffs' stated purpose of the Motion for Expedited Discovery is to bolster the Motion for Preliminary Injunction. However, "Plaintiffs believe the existing record is sufficient to grant their Motion for Preliminary Injunction." (Doc. 22, p. 13.) The mere fact that a party has moved for a preliminary injunction does not thereby entitle the party to receive expedited discovery. *Citizens for Quality Educ. San Diego v. San Diego Unified Sch. Dist.*, No. 17-CV-1054-BAS-JMA, 2018 WL 1150836, at *2 (S.D. Cal. Mar. 5, 2018). Plaintiffs acknowledge that the discovery is not necessary to support the Motion for Preliminary Injunction.[3]

Defendants raise a compelling argument against expedited discovery. Of great concern is the Defendants' argument that production of the requested information will violate FERPA and the privacy of student-athletes named in the requested documents. Plaintiffs failed to mention any statutory protection for privacy rights in their arguments or how production could be completed while maintaining that privacy. The Court does not have sufficient information to overcome its concerns that any production will impair statutorily protected privacy.

As to the breadth of discovery, the Court finds that the proposed discovery is not sufficiently narrowly tailored. At this point in the litigation, and based solely upon the request for <u>expedited</u> discovery, the scope of the discovery is too broad. The requests seek nine years of information, and the Court cannot determine if these requests are relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b). A court may deny a motion for expedited discovery if a moving party seeks discovery that is not narrowly tailored to obtain information relevant to a preliminary injunction determination and instead goes to the merits of the party's claims. *See*, *e.g.*, *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1069 (C.D. Cal. 2009).

---

[3] The Motion for Expedited Discovery was filed two weeks after Plaintiffs filed the Motion for Preliminary Injunction.

4

In addition, the Court finds that Plaintiffs' requested 48-hour turnaround, of what appears to be voluminous documents, is unrealistic and places an undue burden on Defendants. The Court accepts, at this point, Defendants' arguments of the burden of complying within this short time frame. (*See* Doc. 22, p. 28-30.)

Therefore, the Court does not find good cause for the expedited discovery because of the privacy of third-party information requested, the proportionality of the requested discovery is in question, the lack of Plaintiffs' need for discovery on an expedited basis to support the Motion for Preliminary Injunction, and the undue burden on Defendants.

**IV.     Conclusion and Order**

For the reasons stated, and as detailed above, Plaintiffs' Motion for Expedited Discovery is DENIED.

IT IS SO ORDERED.

Dated:   **March 17, 2021**                    /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE