UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR ANDERS, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CALIFORNIA STATE UNIVERSITY, FRESNO, et al.,<br><br>    Defendants. | Case No. 1:21-cv-00179-AWI-BAM<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND TO STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS<br><br>(Doc. 51) |

Currently before the Court is a motion for protective order and to stay discovery filed by Defendant Board of Trustees of California State University and Defendant California State University, Fresno (collectively "Defendant"). (Doc. 51.) The Court found the motion suitable for decision without oral argument and vacated the hearing set for July 9, 2021. L.R. 230(g). For the reasons outlined below, Defendant's motion for protective order and to stay discovery pending the Court's ruling on Defendant's motion to dismiss (Doc. 42) is GRANTED.

**I.    Background[1]**

On February 12, 2021, five current members of Fresno State's women's lacrosse team

---

[1]    The background is derived from the Court's Order Granting in Part and Denying in Part Plaintiffs' Motion for Preliminary Injunction (Doc. 35), the Court's docket and the parties' Joint Statement Re: Defendant's Motion for Protective Order and to Stay Discovery (Doc. 53).

1

("Plaintiffs") filed this putative class action against California State University, Fresno ("Fresno State"), and certain of its officials, alleging that they discriminated against female student-athletes and potential student-athletes in violation Title IX of the Education Amendments of 1972 and implementing regulations by failing to provide female students an equal opportunity to participate in varsity athletics; failing to provide female athletes with an equal allocation of financial aid; failing to provide female athletes with benefits comparable to those provided to male athletes; announcing the varsity women's lacrosse team would be eliminated at the end of the 2020-21 academic year; and treating the women's lacrosse team far worse than other varsity intercollegiate athletic teams since they made that announcement. (Doc. 1.) Plaintiffs also filed a motion seeking a preliminary injunction barring Fresno State from cutting women's lacrosse—or any other women's team—and a preliminary injunction requiring Fresno State "to treat the women's lacrosse team and its members fairly" during the pendency of this litigation. (Doc. 2-1 at 6.)

On April 19, 2021, Defendants moved to dismiss Plaintiffs' complaint. (Doc. 33.)

On April 21, 2021, the Court granted Plaintiffs' motion for preliminary injunction as to Plaintiffs' equal treatment claim under 34 C.F.R. § 106.41(c)(2)-(10) and denied without prejudice Plaintiffs' motion for preliminary injunction as to Plaintiffs' effective accommodation claim under 34 C.F.R. § 106.41(c)(1). (Doc. 35.) The Court ordered that "[f]or the remainder of the 2020-21 academic year, Defendants shall provide a dedicated locker room and practice space for the women's lacrosse team; equip the women's lacrosse team for competition; and provide the women's lacrosse team with funding and benefits on par with the average in each respect provided to Fresno State's existing varsity teams." (*Id.* at 34.) Plaintiffs have moved for reconsideration of the Court's order partially denying their motion for preliminary injunction. (Doc. 39.)

On May 3, 2021, following the Court's ruling, Plaintiffs filed a First Amended Complaint (Doc. 36), which rendered Defendants' motion to dismiss the original complaint moot (*see* Doc. 41). Defendants have now moved to dismiss Plaintiffs' First Amended Complaint with prejudice. (Doc. 42.) Plaintiffs' motion for reconsideration and Defendants' motion to dismiss are currently under submission with the District Court. (Doc. 47.)

On July 16, 2021, Defendant filed the instant motion requesting that the Court issue a protective order and stay discovery until the Court's ruling on Defendants' motion to dismiss the amended complaint. (Doc. 51.)

Pursuant to Local Rule 251, the parties filed a Joint Statement Re: Defendant's Motion for Protective Order and to Stay Discovery. (Doc. 53.) In the Joint Statement, Defendant generally argues that a stay of discovery is necessary pending a ruling on its dispositive motion and a protective order is necessary considering the overbroad and burdensome nature of Plaintiffs' discovery demands. In particular, Defendant contends that a stay of discovery is justified because the pending motion to dismiss is potentially dispositive of the entire case and no additional discovery is necessary for the Court to rule on the motion. Defendant points to the district court's decision largely denying Plaintiffs' motion for injunctive relief, indicating that the district court found that Plaintiffs did not have a likelihood of success on the merits as to their primary equal participation opportunity claim and that Plaintiffs had not raised any "serious questions" about Defendant's compliance with Title IX requirements concerning equal participation opportunities. (Doc. 53 at 6, 14.)

Defendant further contends that a stay will avoid the expense and burden of responding to Plaintiffs' discovery requests prior to a ruling on the motion to dismiss. However, if discovery is permitted to commence, Defendant argues that a protective order is necessary because Plaintiffs' discovery requests, which were served on May 17, 2021, are overbroad, unnecessarily burdensome, outside the relevant statute of limitations period and seek irrelevant discovery not proportional to the needs of this case. Although Defendant served objections to the request, Defendant asserts that the burden and expense of substantively responding to Plaintiffs' initial requests is significant. According to Defendant, the requests seek "information for almost a ten-year period, concerning its entire athletic department, every student-athlete, every varsity team, all athletic budgets, all communications with coaches related to Title IX, all scholarships provided to athletes, and various other categories of information that are overbroad and irrelevant to Plaintiffs' claims." (Doc. 53 at 17.)

///

As an example of overbreadth, Defendant cites Request for Production No. 20, which seeks "all documents maintained for the purpose of monitoring Fresno State's compliance with Title IX including, but not limited to, all policies, standard operating procedures, trainings, compliance plans and implementation plans" from 2012 to the present. (*Id.* at 18.) Defendant contends that this request arguably includes nearly every document related to women's athletics in its possession and extends beyond the temporal scope imposed by the two-year statute of limitations for Title IX actions. (*Id.*)

Defendant also raises concerns that Plaintiffs' requests demand production of records protected under the Family Educational Rights and Privacy Act of 1974 ("FERPA"), which generally prevents Defendant from releasing student records without written consent or, in limited circumstances, "where 'such information is furnished in compliance with judicial order, or pursuant to any lawfully issued subpoena, upon condition that parents and the students are notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution or agency.'" (*Id.* at 18) (citing 20 U.S.C. § 1232g(b)(2)(B).) Defendant asserts that prior to the production of any FERPA-protected records, it "would be required to contact *thousands* of student-athletes, seeking their consent, or to provide them notice of disclosure (if an order requiring disclosure is issued)." (*Id.* at 19) (emphasis in original.)

Plaintiffs counter with several arguments in opposition to the proposed stay of discovery and the issuance of a protective order. First, Plaintiffs argue that discovery commenced in this action following the parties' discovery conference pursuant to Federal Rule of Civil Procedure 26(f) on April 20, 2021, and that Defendants have never attempted to confer with Plaintiffs regarding the content, breadth or onerousness of the discovery requests. (Doc. 53 at 4-5.) Plaintiffs assert that any further delay will cause extreme prejudice to Plaintiffs and their ability to prosecute this action.

Second, Plaintiffs contend that the pending motion to dismiss does not justify a stay of discovery based solely on Defendant's conclusory statements about the likelihood of success on their motion to dismiss. Rather, Plaintiffs contend that the motion to dismiss is without merit, taking issue with Defendant's assertion that the district court's decision on the motion for

4

preliminary injunction supports a stay. Plaintiffs argue that the district court held that the "*then-existing* record was insufficient to establish a likelihood of success on the merits" and "denied Plaintiffs' motion for a preliminary injunction *without prejudice*, expressly contemplating that Plaintiffs could renew the motion on the basis of new data and information." (*Id.* at 10-11) (emphasis in original.) Plaintiffs assert that it is the new data and information they seek through the discovery requests. Further, Plaintiffs contend that the requested discovery is relevant to the motion to dismiss, noting that Defendants argue in the dismissal motion that Plaintiffs do not have the proper Title IX numbers to support a claim for violation of Plaintiffs' rights under the statute. Yet, through the instant motion for a stay of discovery, Defendant seeks to prevent Plaintiffs from obtaining those numbers.

Third, Plaintiffs argue that the discovery requests are not overbroad, as historical information beyond the two-year statute of limitations period is highly relevant to show intentional discrimination and to establish reasonable inferences about the school's current and future conduct. Plaintiffs also argue that this production will not require Defendant to expend inordinate resources because "Fresno State must maintain this information so that it can prepare its own official Title IX counts." (*Id.* at 28.)

**II.     Legal Standard**

A district court "has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). A motion to stay discovery pending resolution of a potentially dispositive motion may be granted for good cause. *See Body Xchange Sports Club, LLC v. Zurich Am. Ins. Co.*, No. 1:20-cv-01518-NONE-JLT, 2021 WL 2457482, at *2 (E.D. Cal. June 16, 2021) ("Though the Ninth Circuit has not provided a clear standard for evaluating a motion to stay discovery pending resolution of a potentially dispositive motion, it has affirmed that district courts may grant such a motion for good cause.") (citations omitted). Similarly, Federal Rule of Civil Procedure 26 states that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including forbidding discovery. Fed. R. Civ. P. 26(c)(1). The party seeking a protective order has the burden "to 'show good cause' by demonstrating harm or prejudice that will result from the

5

discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

"[T]he Federal Rules of Civil Procedure does [sic] not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Mlejnecky v. Olympus Imaging Am. Inc.*, 2011 WL 489743, at *6 (E.D. Cal. 2011). "Indeed, district courts look unfavorably upon such blanket stays of discovery, because delaying or prolonging discovery can create unnecessary litigation expenses and case management problems." *Salazar v. Honest Tea, Inc.*, No. 2:13-cv-02318-KJM-EFB, 2015 WL 6537813, at *1 (E.D. Cal. 2015) (internal citations and quotations omitted). "In evaluating a motion to stay, a court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.* (internal citations and quotation marks omitted); *see also ColfaxNet, LLC v. City of Colfax*, No. 2:19-cv-02167-WBS-CKD, 2020 WL 4818895, at *4 (E.D. Cal. Aug. 19, 2020), reconsideration denied sub nom. *ColfaxNet, LLC v. Colfax*, No. 2:19-CV-2167 WBS-CKD, 2020 WL 5518397 (E.D. Cal. Sept. 14, 2020).

A two-part test is used to determine whether to grant a stay of discovery pending the resolution of a potentially dispositive motion. *See ColfaxNet*, 2020 WL 4818895, at *4. First, the pending motion "must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Id.* (citation omitted). Second, the court must determine "whether the pending dispositive motion can be decided absent discovery." *Id.*

**III. Discussion**

Here, a stay is warranted under the two-part test. As to the first part, Defendant asserts that the motion to dismiss seeks dismissal of Plaintiffs' amended complaint in its entirety on the grounds that (1) Plaintiffs lack standing due to lack of injury, and (2) Plaintiffs have not, and cannot, plead facts sufficient to state a claim. (*Id.* at 15.) Plaintiffs' First Amended Complaint includes three separate counts: (1) Unequal Allocation of Athletic Participation Opportunities in violation of Title IX; (2) Unequal Allocation of Athletic Financial Assistance in violation of Title IX; and (3) Unequal Allocation of Athletic Treatment and Benefits in violation of Title IX. (*See generally* Doc. 36, First Amended Complaint.) Defendants' motion to dismiss challenges all three counts, arguing that Plaintiffs do not plausibly plead claims for unequal allocation of

participation opportunities, unequal financial assistance or unequal allocation of athletic treatment and benefits. (*See generally* Doc. 42.) Defendants also contend in their motion that Plaintiffs lack standing to pursue claims for unequal financial assistance and that Plaintiffs' claims are barred to the extent they allege historical violations of Title XI beyond the two-year statute of limitations period. (*Id.*)

Having considered the motion to dismiss, if the district court were to find that Plaintiffs failed to plead plausible claims and lacked standing to pursue claims for unequal financial assistance, then Defendants' motion would dispose of Plaintiffs' entire case. The Court therefore finds that the motion to dismiss is potentially dispositive of the entire case, satisfying the first part of the two-part test for a discovery stay.

As to the second part of the test, it does not appear that any discovery is necessary to resolve the pending motion to dismiss. The motion to dismiss is fully briefed and has been taken under submission by the district court. (Docs. 42, 46, 48, 47.) Moreover, Plaintiffs' opposition to the motion to dismiss makes no assertion that any discovery is necessary to withstand Defendants' motion to dismiss. (*See* Doc. 46.) Instead, Plaintiffs aver in their opposition to the motion to dismiss that they "do not have to put forth *any* evidence to survive a motion to dismiss" and there "is no evidence at issue, just allegations." (*Id.* at 9.) Given that no discovery appears to be required for the district court to rule on the motion to dismiss, the second part of the two-part test for a discovery stay is satisfied.

In addition to satisfying the two-part test warranting a discovery stay, the Court finds persuasive Defendant's arguments concerning the overbroad and burdensome nature of Plaintiffs' pending discovery requests. Also, as the Court previously indicated in its order denying Plaintiffs' motion for expedited discovery, it is of concern that production of the requested information implicates FERPA and the privacy of student-athletes. Plaintiffs assert that their request for historical information is relevant and the requested information is readily available to Defendants. However, Plaintiffs fail to address the breadth of the requests or the potential privacy issues, suggesting only that the parties "can meet and confer as contemplated under the rules, narrow initial requests, if necessary, [and] address any confidentiality issues." (Doc. 53 at

11.)

### IV. Conclusion

For the reasons stated, IT IS HEREBY ORDERED as follows: (1) Defendant's motion for a protective order and to stay discovery is GRANTED; (2) discovery in this case is STAYED pending an order resolving Defendants' motion to dismiss; and (3) the Court will set a status conference, if necessary and appropriate, as soon as practicable following resolution of Defendants' motion to dismiss.

IT IS SO ORDERED.

Dated: **July 16, 2021**        /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE