Michael A. Caddell (SBN 249469)
Cynthia B. Chapman (SBN 164471)
Amy E. Tabor (SBN 297660)
CADDELL & CHAPMAN
P.O. Box 1311
Monterey, CA 93942
Tel.: (713) 751-0400
Fax: (713) 751-0906
E-mail: mac@caddellchapman.com
E-mail: cbc@caddellchapman.com
E-mail: aet@caddellchapman.com

Arthur H. Bryant (SBN 208365)
Bailey & Glasser, LLP
1999 Harrison Street, Suite 660
Oakland, CA 94612
Tel.: (510) 272-8000
Fax: (510) 436-0291
E-mail: abryant@baileyglasser.com

Lori Bullock
Bailey & Glasser, LLP
PO Box 197
Ankeny, IA 50023
E-mail: lbullock@baileyglasser.com

*Attorneys for Plaintiffs*

Scott R. Eldridge (Michigan Bar No. P66452)
Brian M. Schwartz (Michigan Bar No. P69018)
Erika L. Giroux (Michigan Bar No. P81998)
Ashley N. Higginson (Michigan Bar No. P83992)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Tel: (313) 963-6420
eldridge@millercanfield.com
schwartzb@millercanfield.com
giroux@millercanfield.com
higginson@millercanfield.com
*Attorneys for Defendants*

ROB BONTA, SBN 202668
Attorney General of California
JODI L. CLEESATTLE, SBN 230537
Supervising Deputy Attorney General
JENNIFER L. SANTA MARIA, SBN 225875
Deputy Attorney General
600 West Broadway, Suite 1800
San Diego, CA 92101
P.O. Box 85266
San Diego, CA 92186-5266
Telephone: (619) 738-9099
Fax: (619) 645-2012
E-mail: Jennifer.SantaMaria@doj.ca.gov
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

| | |
|---|---|
| TAYLOR ANDERS, HENNESSEY EVANS, ABBIGAYLE ROBERTS, MEGAN WALAITIS, TARA WEIR, and COURTNEY WALBURGER, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA STATE UNIVERSITY, FRESNO, and BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY,<br><br>Defendants, | Case No. 1:21-cv-00179-AWI-BAM<br><br>**STIPULATED ORDER REGARDING THE PRODUCTION OF FERPA-PROTECTED EDUCATION RECORDS**<br><br>Hon. Anthony W. Ishii, U.S.D.J.<br>Hon. Barbara A. McAuliffe, U.S.M.J. |

THIS MATTER having come before the Court by way of the parties' stipulation, and the Court being otherwise advised;

WHEREAS, the Family Educational Rights and Privacy Act of 1974 ("FERPA") and its regulations state that prior consent of a student is not required to disclose information when "such information is furnished in compliance with judicial order, or pursuant to any lawfully issued subpoena, upon condition that parents and the students are notified of all such orders or subpoenas in advance of the compliance therewith by the educational institution or agency." 20 U.S.C. § 1232g(b)(2)(B). *See also* 34 CFR § 99.31(a)(9)(i), (ii);

WHEREAS, Plaintiffs have served discovery requests on Defendants in this litigation that seek third-party education records absent prior consent ("FERPA Protected Documents");

WHEREAS, Defendants object to the production of any requested FERPA Protected Documents because FERPA prohibits the disclosure of the third-party *education records* absent prior consent or proper notice;

WHEREAS, the parties agree that FERPA protects disclosure of student's *education records*, but this does not include information that would otherwise fall under the definition of "directory information." Directory information includes, "the student's name; address; telephone listing; electronic mail address; photograph; date and place of birth; major field of study; grade level; enrollment status (e.g., undergraduate or graduate, full-time or part-time); dates of attendance; participation in officially recognized activities and sports; weight and height of members of athletic teams; degrees, honors, and awards received; and the most recent educational agency or institution attended." 34 C.F.R. § 99.3;

WHEREAS, the parties agree that documents containing solely directory information, as designated by Fresno State, are not subject to this stipulation, unless a given student has opted out of directory information disclosures;

WHEREAS the parties have agreed, by their undersigned attorneys, to set forth procedures for, and rules governing, the production and use of FERPA Protected Documents;

IT IS HEREBY ORDERED:

1. Before producing any FERPA Protected Documents, the Defendants will make reasonable efforts to notify the third-party student so that the third-party student may seek protective action. For the purposes of this Order, Defendants' reasonable efforts are satisfied if they provide advance notice to third-party students at their Fresno State email address or last known mailing address within fourteen (14) days of the receipt of the discovery request or fourteen (14) days of this Court's Order. Defendants shall not produce any FERPA Protected Documents unless (a) twenty-one (21) days expires after the third-party student is sent notice and (b) the third-party student has not filed a motion for a protective order. If a third-party student files a motion for a protective order, FERPA Protected Documents related to that third-party student shall not be produced until the Court resolves that motion.

2. If, in the course of discovery or other proceedings in this action, Defendants or Plaintiffs or any party to the litigation, or any third party, discloses or produces FERPA Protected Documents, the producing entity may additionally designate such material as "Confidential." All FERPA Protected Documents marked Confidential produced in discovery in the litigation shall be used solely for purposes of the litigation and for no other purpose. FERPA Protected Documents and all copies or extracts thereof shall be subject to all the terms of this Stipulation and Order ("Order").

3. Documents may be designated Confidential by stamping each page of the document with the legend "Confidential." Deposition testimony may be designated Confidential where the testimony concerns Confidential Documents by so indicating orally on the record during the deposition, or by subsequent designation in writing by the deponent or his/her attorney. The designated pages of the transcript of any such deposition shall be marked by the court reporter with the legend "Confidential."

4. Any person in possession of FERPA Protected Documents marked Confidential shall maintain them in a secure manner so as to avoid disclosure of their contents in any manner not permitted by this Order.

5. Except as provided below, FERPA Protected Documents marked Confidential shall not be disclosed without prior written consent of the designating party.

6. FERPA Protected Documents marked Confidential may be disclosed only to the extent reasonably necessary for the conduct of the litigation and only to the following: (a) the Court (including any appellate court) and Court personnel, subject to paragraph 21 below; (b) court reporters in connection with the taking of a deposition or the transcription of court proceedings; (c) attorneys (including in-house and outside counsel) of the parties to the litigation (or the corporate parent of a party to the litigation) who are directly involved in the litigation and such attorneys' employees who are directly involved in the litigation; (d) parties to the litigation and their officers, directors, trustees, and employees of the corporate parent of a party to the litigation who are directly involved in assisting or supervising the attorneys, officers, or employees in connection with the litigation; (e) the creator and addressees of such FERPA Protected Documents and persons who received a copy thereof independent of its production in the litigation; (f) anticipated and actual fact witnesses other than the parties to the litigation, provided that counsel has a good-faith basis to disclose such information to such witness; (g) experts, advisors, consultants, and other persons engaged to assist directly in the litigation; and (h) any persons being deposed during the course of this litigation.

7. Prior to disclosure of FERPA Protected Documents marked Confidential counsel shall make individuals aware of the Confidential nature of the document and convey the expectation that the document be kept Confidential.

8. In the event that counsel for any signatory to this Order at any time believes that FERPA Protected Documents marked Confidential should cease to be designated as Confidential, such counsel shall so notify counsel for the designating party. Counsel for the challenging and designating parties shall confer in good faith within fourteen calendar days of such notification in an effort to resolve the matter by agreement. If agreement is not reached within fourteen calendar days thereafter, the designating party shall have the burden of moving and may move upon proper notice to obtain an appropriate protective order. The designating party shall file its motion for protective order within twenty-one days after the parties engage in a good faith conference that

shall take place via telephone or video conference and that is designated in writing as a conference pursuant to Paragraph 8 of this Order. The failure to file a motion for a protective order will result in the de-designation of the disputed Confidential designation unless both parties agree to an extension of this deadline or unless the Court rules otherwise. In the event that such a motion is made, any disputed FERPA Protected Documents marked Confidential shall remain subject to and protected by this Order until such motion is resolved.

9. Subject to the Federal Rules of Evidence, materials protected by this Order may be offered in evidence at trial or at any court hearing subject to such protective measures as may be directed by this Court. Compliance with the terms of the Order shall not be deemed an admission that any FERPA Protected Document is not otherwise protected from disclosure or admissible in evidence and shall not constitute a waiver of the right of any person to object to the production of any material for any reason whatsoever.

10. This Order shall have no effect upon a designating party's use of its own FERPA Protected Documents, provided such use is consistent with applicable law.

11. The inadvertent failure to designate FERPA Protected Documents as Confidential shall be corrected by supplemental written notice to the receiving party as soon as practicable, and the receiving party shall make all reasonable efforts to retrieve all copies, if any, of such documents disclosed and to prevent further use or disclosure of FERPA Protected Documents contained therein by such persons.

12. The parties agree that the inadvertent production of any privileged or protected information is governed by the Joint Scheduling Report.

13. If any person in possession of FERPA Protected Documents marked Confirmed is served with any legal process or other request seeking production of such material, such person shall give the designating party (a) prompt written notice of the receipt of such request; (b) a copy of any proposed response to such request at least two business days prior to furnishing such response, and (c) written notice of any hearing or other proceeding relating to such request at least five business days prior to such hearing or other proceeding (unless such person receives less than five business days' notice, in which event notice shall be given the same day as such person receives

notice). Nothing herein shall be construed as requiring the person served with any legal process or other legally proper request seeking production of FERPA Protected Documents marked Confidential to refuse to comply with its legal obligations regarding such process or request.

14. Nothing in this Order shall be deemed in any way to restrict the use of material that is publicly available or has been legally obtained independent of formal discovery in the litigation, whether or not the same material has also been obtained through formal discovery in the litigation.

15. To the extent that there is any conflict between the terms of this Order and rules of the Court, the rules of the Court will govern.

16. Within thirty days following the termination of this action and any related proceedings and appeals, any person in possession of FERPA Protected Documents marked Confidential shall either (1) return such material to counsel for the designating party; or (2) certify to counsel for the designating party that all such material and copies, summaries, and extracts thereof have been destroyed, provided, however, that the signatories to this Order and their counsel may retain copies of attorney work-product and briefs, pleadings, and other papers filed with or sent to the Court that incorporate, append, or refer to FERPA Protected Documents marked Confidential, with such papers remaining subject to the terms and conditions of this Order.

17. In the event that any person shall violate or threaten to violate any of the terms of the Order, the aggrieved party may seek an appropriate remedy from the Court, and no signatory to this Order shall raise as a defense to a request for injunctive relief that the aggrieved party possesses an adequate remedy at law.

18. The terms of this Order shall be effective and the parties and their counsel shall be bound by the terms of this Order on the date the Order is signed by the parties' counsel.

19. The terms of this Order shall not terminate at the conclusion of the litigation.

20. Prior to the time this Order is entered by the Court, FERPA Protected Documents marked Confidential shall be subject to the terms of this Order to the same extent as though the Order has been entered by the Court.

21. This Order does not authorize the filing of FERPA Protected Documents marked Confidential under seal. The following procedures apply to the filing of FERPA Protected

Documents that have been marked Confidential: (a) If a party seeks to file FERPA Protected Documents marked Confidential without filing under seal, the party must redact all personal identifying information of any third-party student; (b) If a party seeks to have FERPA Protected Documents that it produced or designated as "Confidential" filed under seal, and it cannot be redacted, then that party is required to file an appropriate motion under Local Civil Rule 141[1]; and (c) if a party intends to file FERPA Protected Documents with the Court that another party produced or designated as "Confidential," and cannot redact all personal identifying information of any third-party student, then (absent consent of the producing party that the FERPA Protected Documents need not be filed under seal) it shall provisionally file the FERPA Protected Documents under seal. The party who produced or designated the FERPA Protected Documents as Confidential must then file a request to seal pursuant to Local Rule 141 within 14 days. If no such motion is filed, then the material will be unsealed.

22.     This Order is subject to modification at any time upon further stipulation of the parties or pursuant to an order of this Court.

IT IS FURTHER ORDERED that nothing in this Order compels the parties to respond to any discovery requests and that nothing in this Order shall act as a waiver on Defendants' right to object to all or part of a discovery request as being outside the scope of discovery.

---

[1] The parties have cited a Local Rule 10.6. However, the Local Rule regarding sealing of documents in the Eastern District of California is Local Rule 141. The parties correctly cited Local Rule 141 in this same paragraph. Therefore, the incorrect citation here appears to be a mistake.

# **STIPULATION**

The parties, by and through their respective attorneys, stipulate to the entry of this order.

Respectfully submitted this 3rd day of January, 2022.

| PLAINTIFFS | DEFENDANTS |
|---|---|
| s/ *Lori Bullock (with consent)* | s/ *Scott R. Eldridge* |
| Arthur H. Bryant (SBN 208365)<br>Bailey & Glasser, LLP<br>1999 Harrison Street, Suite 660<br>Oakland, CA 94612<br>Tel.: (510) 272-8000<br>Fax: (510) 436-0291<br>E-mail: abryant@baileyglasser.com | MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.<br>Scott R. Eldridge (P66452)<br>Brian M. Schwartz (P69018)<br>Ashley N. Higginson (P83992)<br>Erika L. Giroux (P81998)<br>One Michigan Ave. Suite 900<br>Lansing, MI 48933<br>eldridge@millercanfield.com<br>schwartzb@millercanfield.com<br>higginson@millercanfield.com<br>giroux@millercanfield.com<br>*Attorneys for Defendants* |
| Nicole L. Ballante (Fl. Bar No. 0125356)<br>BAILEY & GLASSER, LLP<br>360 Central Avenue, Suite 1450<br>St. Petersburg, FL 33701<br>Telephone: (727) 894-6745<br>Facsimile: (727) 894-2649<br>Email: nballante@baileyglasser.com | |
| Lori Bullock<br>Bailey & Glasser, LLP<br>PO Box 197<br>Ankeny, IA 50023<br>E-mail: lbullock@baileyglasser.com | |
| Michael A. Caddell (SBN 249469)<br>Cynthia B. Chapman (SBN 164471)<br>Amy E. Tabor (SBN 297660)<br>CADDELL & CHAPMAN<br>P.O. Box 1311<br>Monterey, CA 93942<br>Tel.: (713) 751-0400<br>Fax: (713) 751-0906<br>E-mail: mac@caddellchapman.com | |

IT IS SO ORDERED.

Dated: **January 4, 2022**         /s/ *Barbara A. McAuliffe*
                                           UNITED STATES MAGISTRATE JUDGE