| | |
|---|---|
| Michael A. Caddell (SBN 249469)<br>Cynthia B. Chapman (SBN 164471)<br>Amy E. Tabor (SBN 297660)<br>CADDELL & CHAPMAN<br>P.O. Box 1311<br>Monterey, CA 93942<br>Tel.: (713) 751-0400<br>Fax: (713) 751-0906<br>E-mail: mac@caddellchapman.com<br>E-mail: cbc@caddellchapman.com<br>E-mail: aet@caddellchapman.com<br><br>Arthur H. Bryant (SBN 208365)<br>Bailey & Glasser, LLP<br>1999 Harrison Street, Suite 660<br>Oakland, CA 94612<br>Tel.: (510) 272-8000<br>Fax: (510) 436-0291<br>E-mail: abryant@baileyglasser.com<br><br>Lori Bullock<br>Bailey & Glasser, LLP<br>PO Box 197<br>Ankeny, IA 50023<br>E-mail: lbullock@baileyglasser.com<br><br>*Attorneys for Plaintiffs* | Scott R. Eldridge (Michigan Bar No. P66452)<br>Brian M. Schwartz (Michigan Bar No. P69018)<br>Erika L. Giroux (Michigan Bar No. P81998)<br>Ashley N. Higginson (Michigan Bar No. P83992)<br>MILLER, CANFIELD, PADDOCK AND<br>STONE, P.L.C.<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan 48226<br>Tel: (313) 963-6420<br>eldridge@millercanfield.com<br>schwartzb@millercanfield.com<br>giroux@millercanfield.com<br>higginson@millercanfield.com<br>*Attorneys for Defendants*<br><br>ROB BONTA, SBN 202668<br>Attorney General of California<br>JODI L. CLEESATTLE, SBN 230537<br>Supervising Deputy Attorney General<br>JENNIFER L. SANTA MARIA, SBN 225875<br>Deputy Attorney General<br>600 West Broadway, Suite 1800<br>San Diego, CA 92101<br>P.O. Box 85266<br>San Diego, CA 92186-5266<br>Telephone:  (619) 738-9099<br>Fax:  (619) 645-2012<br>E-mail:  Jennifer.SantaMaria@doj.ca.gov<br>*Attorneys for Defendants* |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**
**FRESNO DIVISION**

| | |
|---|---|
| TAYLOR ANDERS, HENNESSEY EVANS, ABBIGAYLE ROBERTS, MEGAN WALAITIS, TARA WEIR, and COURTNEY WALBURGER, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA STATE UNIVERSITY, FRESNO, and BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY,<br><br>Defendants, | Case No. 1:21-cv-00179-AWI-BAM<br><br>**DEFENDANTS' INFORMAL DISCOVERY DISPUTE CONFERENCE SYNOPSIS**<br><br>Hon. Anthony W. Ishii, U.S.D.J.<br>Hon. Barbara A. McAuliffe, U.S.M.J.<br><br>Conference Date: October 24, 2022<br>Conference Time: 9:30 a.m. via Zoom |

1    Defendants hereby file and electronically submit (bamorders@caed.uscourts.gov) this
2    Informal Discovery Dispute Conference Synopsis in accordance with the Court's 2022 Standing
3    Order and in anticipation of the scheduled October 24, 2022 Conference.
4    On September 30, 2022, Plaintiffs' counsel emailed Defendants' counsel requesting the
5    production of a 2021-2022 Title IX spreadsheet. Plaintiffs' counsel further stated that Defendants'
6    "initial disclosures identified that they were relying upon this spreadsheet" and that this 2021-2022
7    spreadsheet was responsive to Plaintiffs' Request for Production number 1. Defendants denied this
8    request via email on October 3, 2022 and maintained their denial after a meet and confer with
9    Plaintiffs' counsel, necessitating this conference.
10   As an initial matter, Defendants' Second Amended Initial Disclosures does *not* include a
11   2021-2022 Title IX Spreadsheet given this Court's previous ruling.
12   Specifically, on July 22, 2021, the Court issued its Order on Defendants' Motion to Dismiss
13   and held that Plaintiffs' allegations concerning Title IX counts for the 2019-2020 and 2021-2022
14   academic years are "insufficient to state an effective accommodation claim." ECF No. 57 at 14 and
15   16. In other words, Plaintiffs' effective accommodation claims based on those years have been
16   dismissed. The only claim remaining relates to 2020-2021. *Id.* at 17 ("The question, then, is whether
17   the female participation gap of 27 O'Brien found **for 2020-21 can be construed to show a Title**
18   **IX violation.**" (emphasis added)). Based on the Court's Order, on August 31, 2021, Defendants
19   served supplemental responses to Plaintiffs' discovery requests (including Request for Production
20   number 1 at issue here) objecting to the production of records during the 2019-2020 and 2021-
21   2022.
22   Over a year later, Plaintiffs now seek 2021-2022 data that relates to a claim that has been
23   dismissed and is irrelevant to their remaining claims. Plaintiffs attempt to argue that Defendants'
24   Motion to Dismiss concerning Plaintiffs' effective accommodation claim was denied and therefore
25   they are entitled to discovery concerning the 2021-2022 academic year, but the Court's ruling was
26   clear that Plaintiffs' claim is limited to 2020-2021 only. Under *Ashcroft v. Iqbal*, 556 U.S. 662, 668
27   (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), Plaintiffs "may not use the
28   discovery process to obtain" facts where they are unable to state a claim and must "satisfy the

pleading requirements of Rule 8 *before* the discovery stage, not after it." *Mujica v. AirScan Inc.,* 771 F.3d 580, 593 (9th Cir. 2014) (citing *Iqbal* and *Twombly*).

Further, to the extent Plaintiff's attempt to argue that such discovery is relevant to their surviving 2020-21 claim, such an argument fails as Title IX information that *could not have existed in 2020-21* (as it is 2021-22 data that is necessarily prepared over a year later) cannot possibly be relevant to the claim, nor proportional to the needs of the case. Fed. R. Civ. Pro. 26(b). See *U.S. Equal Emp. Opportunity Comm'n v. Sensient Dehydrated Flavors Co.*, 2016 WL 4399367, at *2 (E.D. Cal. Aug. 17, 2016) (Discovery request held not relevant or proportional to the needs of the case where the request sought information "well beyond any claims or defenses in this litigation" including concerning current employees and current practices of the defendant). Further still, the burden and additional expense associated with engaging in discovery regarding an academic year that is no longer at issue far outweighs any potential benefit. Moreover, even if information concerning Title IX participation counts for 2021-22 could fall within the relevant scope of discovery in this case, merits discovery in this matter has not started. See ECF No. 81 (parties agreed to prepare a schedule for class certification discovery only) and 83 (preliminary scheduling order). Indeed, Plaintiffs' counsel confirmed this in a recent communication that resulted in the parties deciding to proceed to mediation prior to merits discovery. Accordingly any issues concerning merits discovery are, at a minimum, premature and need not be resolved at this juncture. Consequently, Plaintiffs' motion to compel should be denied for this separate reason.

For the reasons set forth herein, Fresno State requests that the Court reject Plaintiffs' contention that they should be provided merits-based discovery relevant to an already dismissed 2021-22 Title IX effective accommodation claim.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: */s/ Scott R. Eldridge*
    Scott R. Eldridge (P66452)
    Brian M. Schwartz (P69018)
    Ashley N. Higginson (P83992)
    Erika L. Giroux (P81998)
    One Michigan Ave. Suite 900
    Lansing, MI 48933
    eldridge@millercanfield.com
    schwartzb@millercanfield.com
    higginson@millercanfield.com
    giroux@millercanfield.com
    *Attorneys for Defendants*

Dated: October 20, 2022

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2022, I electronically filed and emailed the foregoing document with the Clerk of the Court using the ECF system that will send notification of such filing upon all ECF filing participants and utilizing the following electronic mail address: bamorders@caed.uscourts.gov.

        MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

        */s/ Scott R. Eldridge*
Scott R. Eldridge (P66452)
Attorneys for Defendants
One Michigan Avenue, Suite 900
Lansing, MI 48933
(517) 483-4918
eldridge@millercanfield.com