UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR ANDERS, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CALIFORNIA STATE UNIVERSITY, FRESNO, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-00179-AWI-BAM<br><br>**ORDER VACATING INFORMAL DISCOVERY DISPUTE CONFERENCE**<br><br>**ORDER REGARDING INFORMAL DISCOVERY DISPUTE AND DENYING PLAINTIFFS' DISCOVERY REQUEST AS PREMATURE**<br><br>(Docs. 100, 101, 103, 104) |

Currently pending before the Court is an informal discovery dispute regarding Plaintiffs' request for production of Title IX of the Education Amendments of 1972 ("Title IX") participation data for the 2021-22 academic year. The parties filed informal discovery dispute letter briefs on October 20, 2022, along with supplemental responses. (*See* Docs. 100, 101, 103, 104.) The Court finds the matter suitable for decision without oral argument. Accordingly, the informal discovery dispute conference currently set for November 2, 2022, is HEREBY VACATED.

Having considered the parties' briefs, and for the reasons discussed below, Plaintiffs' request for Title IX participation data for the 2021-22 academic year is DENIED without prejudice as premature.

///

1

**I.      Background**

In October 2020, Defendant California State University, Fresno ("Fresno State") announced that it would stop sponsoring women's lacrosse, men's wrestling and men's tennis at the end of the 2020-21 academic year. In February 2021, Plaintiffs, members of Fresno State's women's lacrosse team during the 2020-21 academic year, filed a putative class action. Plaintiffs alleged that Defendants violated Title IX by failing to provide female students an equal opportunity to participate in varsity athletics ("effective accommodation" claim), failing to provide female athletes with an equal allocation of financial aid ("financial aid" claim), and failing to provide female athletes with benefits comparable to those provided to male athletes ("equal treatment" claim). Plaintiffs also filed a motion seeking a preliminary injunction barring Fresno State from cutting women's lacrosse or any other women's team and requiring Fresno State to treat the women's lacrosse team and its members fairly during the litigation. The Court granted the motion as to equal treatment of the lacrosse team but did not bar elimination of the women's lacrosse team.

Plaintiffs filed a first amended complaint on May 3, 2021, which included their effective accommodation claim, equal treatment claim and financial aid claim under Title IX. (Doc. 36.) Plaintiffs alleged, among other things, that Fresno State has not provided females with opportunities to participate in intercollegiate athletics that are substantially proportionate to their undergraduate enrollment for years and that the condition will persist after the elimination of women's lacrosse, men's tennis and men's wrestling takes effect. (*Id.*) Defendants moved to dismiss the complaint in its entirety. (Doc. 42.)

On July 22, 2021, the Court denied Defendants' motion to dismiss as to the effective accommodation claim and the equal treatment claim and granted the motion, with leave to amend, as to the financial aid claim. (Doc. 57.) Relevant here, in ruling on the motion, Judge Ishii explained that "Plaintiffs can state an effective accommodation claim merely by setting forth factual allegations plausibly showing a lack of substantially proportionate participation opportunities for females after the elimination of women's lacrosse takes effect." (Doc. 57 at 11.) Plaintiffs set forth four clusters of allegations relating to the question of substantial

proportionality: (1) a cluster of allegations relating to Equity in Athletics Disclosure Act ("EADA") data; (ii) a cluster of allegations relating to Fresno State's claimed Titled IX counts for the 2019-20 academic year; (iii) a cluster of allegations relating to Fresno State's enrollment and participation projections for the 2021-22 academic year; and (iv) a cluster of allegations relating to counts prepared by the Board's expert, Timothy O'Brien, for the 2020-21 academic year. (*Id.*)

Judge Ishii found that the first three clusters failed to state a cognizable effective accommodation claim. In particular, he determined that (1) allegations regarding Fresno State's EADA analysis were insufficient to state an effective accommodation claim; (2) allegations regarding Fresno State's putative Title IX counts for the 2019-20 academic year were insufficient to state an effective accommodation claim; and (3) *allegations regarding Plaintiffs' 2021-22 projections were insufficient to state an effective accommodation claim*. (Doc. 57 at 16 ["The Court therefore finds that allegations regarding Plaintiffs' 2021-22 projections are insufficient to state an effective accommodation claim."].) As to Plaintiffs' projections for the 2021-22 year, the Court noted that "calling out defects in Fresno State's [2021-22] projections may prove to be effective in undercutting Fresno State's evidence as this case progresses, but it does not itself constitute an allegation as to the size of Fresno State's participation gap from which the Court can draw an inference of a Title IX violation." (*Id.*)

As to the fourth remaining cluster, *i.e.,* Mr. O'Brien's counts for the 2020-21 academic year, Judge Ishii found "that – whether or not they ultimately prove to be accurate—O'Brien's counts are creditable for pleading purposes and provide a valid basis for drawing inferences, under Rule 8 pleading standings, regarding Title IX compliance after the cuts at issue in this case take effect." (Doc. 57 at 16.) Judge Ishii also determined that "O'Brien's participation gap findings for 2020-21 can therefore *support a plausible inference as to a lack of substantial proportionality in the 2021-22 academic year*, even if other facts (or opinions) cut in the opposite direction." (*Id.* at 17) (emphasis added). The Court determined that "the female participation gap O'Brien calculated for the 2020-21 academic year is large enough to accommodate a viable women's team and therefore evidences a Title IX violation." (*Id.* at 20.) The Court therefore concluded that Plaintiffs had adequately alleged an effective accommodation claim based on

1 | O'Brien's 2020-21 counts and participation gap calculation. (*Id.* at 20-21.)

2 |     Plaintiffs filed a second amended complaint on August 12, 2021, which again included an effective accommodation claim, equal treatment claim and financial aid claim under Title IX. (Doc. 59.) Defendants moved to dismiss the financial aid claim, which the Court granted with prejudice. (Doc. 73.)

    On December 17, 2021, the Court issued a preliminary scheduling order, which set forth dates for class certification only. (Doc. 83.) The parties agreed that there would be no further amendments to the pleadings. (*Id.* at 2.)

    In February 2022, Plaintiffs moved for class certification of the following class: "All present and future women students and potential students at Fresno State who participate, seek to participate, and/or are deterred from participating in intercollegiate athletics there." (See Doc. 93 at 3.) The Court denied the motion for class certification without prejudice, finding that the proposed class representatives did not satisfy the adequacy requirement under Federal Rule of Civil Procedure 23 because of "discernable conflicts . . . between the interests of the proposed class representatives as former members of the women's varsity lacrosse team and other members of Fresno State's female student population." (*Id.* at 20.) The Court also commented that "the record plainly indicates that the principal purpose [of] this action is to protect (or restore) women's varsity lacrosse and that other considerations are secondary to that." (*Id.*)

    Plaintiffs filed a renewed motion for class certification on August 30, 2022. (Doc 94.) For the effective accommodation claim, Plaintiffs seek certification of the following class:

> Current and future female Fresno State students who: (i) have lost membership on a women's varsity intercollegiate athletics team at Fresno State; (ii) have sought but not achieved membership on a women's varsity intercollegiate athletics team at Fresno State; and/or (iii) are able and ready to seek membership on a women's varsity intercollegiate athletics team at Fresno State but have not done so due to a perceived lack of opportunity.

For the equal treatment claim, Plaintiffs seek certification of the following class:

> Current and future female Fresno State students who: (i) participate or have participated in women's varsity intercollegiate athletics at Fresno State; and/or (ii) are able and ready to participate in women's varsity intercollegiate athletics at Fresno State but have been deterred from doing so by the treatment received by female varsity intercollegiate student-athletes at Fresno State.

4

(*Id.* at 2.) The renewed motion is fully briefed and has been taken under submission by Judge Ishii.

## II.     Discussion

Plaintiffs now request production of Title IX athletic participation data for the 2021-22 academic year. Plaintiffs contend that this case has always been about whether Fresno State would violate Title IX in 2021-22, when the cuts took effect, by failing to offer men and women substantially proportionate participation opportunities. Plaintiffs therefore argue that the requested discovery is relevant, making their claims that Fresno State violated Title IX more likely to be true. Plaintiffs also argue that the requested discovery is proportional to the needs of the case. They argue it is not unduly burdensome because Fresno State regularly maintains these records and has already produced the exact documents for the 2020-21 academic year.

Defendants object to production of a Title IX spreadsheet on two primary grounds. First, Defendants assert that Plaintiffs' effective accommodation claim based on the 2021-2022 academic year has been dismissed, referencing Judge Ishii's July 22, 2021 order, which found that Plaintiffs' 2021-22 projections were insufficient to state an effective accommodation claim.

Plaintiffs have acknowledged the Court's statement that its projections for the 2021-22 year were insufficient to state an effective accommodation claim but note that the order was entered before the academic year had even begun. Plaintiffs reiterate that its allegations have always been tied to their claims that Fresno State would violate Title IX in the 2021-22 academic year.

Defendants' assertion that Plaintiffs' effective accommodation claim for the 2021-22 academic year has been dismissed is not wholly persuasive. The Court did not dismiss Plaintiffs' effective accommodation claim. Judge Ishii also made clear that Plaintiffs' effective accommodation claim turns on the allocation of participation opportunities after the elimination of women's lacrosse takes effect, which would essentially be effective for the 2021-22 academic year. In addition, the Court must construe the Second Amended Complaint liberally so as to do justice. Fed. R. Civ. P. 8(e). Plaintiffs' request for Title IX data for the 2021-22 year therefore appears relevant to the effective accommodation claim.

Second, Defendants argue that merits discovery is premature. To that end, the Court requested further briefing from the parties addressing its own concern that merits discovery is premature. In their supplemental brief, Plaintiffs assert that it is appropriate to resolve the dispute now for three main reasons: (1) both parties have been engaging in merits discovery for over a year; (2) resolution of the pending motion will have no effect on the need for the discovery as Plaintiffs will need the data for their individual or class claims; and (3) the parties have agreed to participate in mediation (on some unspecified date).

In response, Defendants confirm their position that merits discovery is premature, noting the bifurcation of class and merits discovery. Defendants also point out that Plaintiffs apparently have taken the position, when proposing mediation, that merits discovery has not yet begun. Defendants also suggest that Plaintiffs' request for a Title IX spreadsheet has ballooned into "an amorphous and unspecified demand" for 2021-22 participation data. (Doc. 104 at 2.) Defendants reiterate their view that Plaintiffs have failed to state an effective accommodation claim for that year. Defendants further assert that production would be burdensome given the current procedural posture of the case.

The Court agrees that Plaintiffs' request is premature while the Motion for Class Certification is pending. The Scheduling Order bifurcates discovery between class certification issues and merits discovery. Here, while the parties may have engaged in some merits discovery during class certification, Defendants object to producing purely merits discovery at this procedural juncture. The Court sustains that objection and will deny the merits discovery based on the 2021-22 academic year at this time.

### III. Conclusion and Order

For the reasons stated, Plaintiffs' request for Title IX participation data for the 2021-22 academic year is DENIED without prejudice as premature.

IT IS SO ORDERED.

Dated: **November 1, 2022**          /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE