UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR ANDERS, HENNESSEY EVANS, ABBIGAYLE ROBERTS, MEGAN WALAITIS, TARA WEIR and COURTNEY WALBURGER, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA STATE UNIVERSITY, FRESNO and BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY,<br><br>Defendants. | CASE: 1:21-cv-00179-AWI-BAM<br><br>**ORDER DENYING PENDING MOTIONS WITHOUT PREJUDICE AND STAYING CASE PENDING APPEAL**<br><br><br><br>(Doc. Nos. 117, 121, 126 and 133) |

Plaintiffs Taylor Anders, Hennessey Evans, Abbigayle Roberts, Megan Walaitis, Tara Weir and Courtney Walburger have brought a motion for certification of a class specific to women's lacrosse. Doc. No. 117. Defendants[1] have brought motions for leave to file a sur-reply and a supplemental sur-reply in opposition to Plaintiffs' motion for class certification, Doc. Nos. 126 & 133, as well as a motion to dismiss one of Plaintiffs' two remaining claims for lack of subject matter jurisdiction. Doc. No. 121. For the reasons that follow, these motions will be denied without prejudice and the Court will *sua sponte* stay this action pending resolution of Plaintiffs'

---

[1] The remaining Defendants are California State University, Fresno ("Fresno State") and the Board of Trustees of California State University (the "Board"). The Board asserts that suing Fresno State in addition to suing the Board is erroneous because the Board is "the State of California acting in its higher education capacity." Doc. No. 42 at 9:2-5. The question of who is properly named as a Defendant is not addressed here. For purposes of this order, the Court will use the term "Defendants" to refer collectively to Fresno State and the Board as the named Defendants in this action.

pending appeal of the Court's orders denying certification of a class encompassing all women's sports. See Doc. No. 118.

## BACKGROUND

Plaintiffs Anders, Evans, Roberts, Walaitis and Weir filed this putative class action on February 12, 2021 seeking declaratory and injunctive relief in connection with effective accommodation, financial aid and equal treatment claims under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. ("Title IX") and related regulations. Doc. No. 1. The First Amended Complaint ("FAC") was filed on May 3, 2021, adding Walburger as a Plaintiff.[2] Doc. No. 36.

Plaintiffs filed a Second Amended Complaint ("SAC") on August 12, 2021, Doc. No. 59, and on August 26, 2021, Defendants brought a motion to dismiss Plaintiff's financial assistance claim. Doc No. 60. On October 29, 2021, the Court issued an order dismissing the financial assistance claim with prejudice, leaving the effective accommodation claim and the equal treatment claim for potential class certification. Doc. No. 73.

On February 25, 2022, Plaintiffs filed a motion seeking certification of a class comprising "[a]ll present and future women students and potential students at Fresno State who participate, seek to participate, and/or are deterred from participating in intercollegiate athletics there." Doc. No. 88-1 at 12:25-28. The Court denied the motion on August 16, 2022 with leave for Plaintiffs to seek certification of a class specific to women's varsity lacrosse. Doc. No. 93.

On August 30, 2022, Plaintiffs brought a "renewed" motion to certify a class that was virtually identical to the class they sought to certify in their February 25, 2022 motion, as well as a motion for reconsideration of the Court's August 16, 2022 order denying class certification. Doc. No. 94. The Court denied those motions on November 22, 2022, again granting leave to seek certification of a class specific to women's lacrosse. Doc. No. 107.

On December 6, 2022, Plaintiffs filed a notice of appeal as to the Court's August 16, 2022 and November 22, 2022 orders denying class certification. Doc. No. 109. On December 12, 2022,

---

[2] Anders, Evans, Roberts, Walaitis, Weir and Walburger are referred to collectively herein as "Plaintiffs."

Magistrate Judge McAuliffe issued an order affirming a prior determination that merits discovery is premature while the issue of class certification is pending. Doc. No. 112.

On January 18, 2023, Plaintiffs informed Magistrate Judge McAuliffe that they intended to bring another motion for class certification in this Court without withdrawing their petition for permission to appeal the Court's class certification orders. Doc. No. 114.

On January 27, 2023, Plaintiffs filed a motion in this Court seeking certification of a class specific to women's lacrosse. Doc. No. 117.

On February 27, 2023, the Ninth Circuit Court of Appeals granted Plaintiffs permission to appeal and issued an order requiring the parties to fully brief the appeal by the end of July 2023. Doc. Nos. 118 & 119.

On March 3, 2023, Defendants filed a motion under Rule 12(b)(1) of the Federal Rules of Civil Procedure seeking dismissal of Plaintiffs' equal treatment claim for lack of subject matter jurisdiction. Doc. No. 121.

Briefing for Plaintiffs' pending class certification motion—which includes motions by Defendants for leave to file a sur-reply, Doc. No. 126, and to supplement the sur-reply, Doc. No. 133—was completed on March 31, 2023. Doc. No. 133. Briefing for Defendants' motion to dismiss was completed on March 27, 2023. Doc. No. 132.

## DISCUSSION

The Supreme Court has recognized that a court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also Clinton v. Jones, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); I.K. v. Sylvan Union Sch. Dist., 681 F.Supp.2d 1179, 1190-91 (E.D. Cal. 2010). A stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." Nken v. Holder, 556 U.S. 418, 433–34 (2009) (internal quotation marks and citations omitted). "The power to stay [] includes the power to do so *sua sponte*." Doyle v. OneWest Bank, N.A., 2015 WL 4605776, at *3 (C.D. Cal. May 21, 2015); see also Crown Cent.

1  Petroleum Corp. v. Dep't of Energy, 102 F.R.D. 95, 98 (D. Md. 1984) ("A federal court has

2  inherent power to stay, *sua sponte*, an action before it.").

3        In determining whether to stay a case, "the competing interests which will be affected ...

4  must be weighed." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting CMAX

5  Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962) (internal quotation marks omitted). These interests

6  include:

> the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

10  Id. (quoting CMAX, 300 F.2d at 268) (internal quotation marks omitted).

11        Plaintiffs' pending motion for certification of a class specific to women's lacrosse is the

12  fourth motion for class certification that has come before the Court in this case. Doc. No. 117; see

13  also Doc. Nos. 88 and 94. This action was pending for a year before Plaintiffs first sought class

14  certification, see Doc. No. 88, and more than a year has passed since the parties started actively

15  litigating the issue. The Ninth Circuit's ruling on Plaintiffs' appeal could moot the pending class

16  certification motion (as well as Defendants' motions for a sur-reply and supplemental sur-reply),

17  and it appears that the appeal will be fully briefed within the next three months. See Doc. No. 119

18  at 2-3. The Court sees no harm to any party in staying this action for the relatively short period of

19  time likely required for the Ninth Circuit to decide Plaintiffs' appeal and, in the Court's view, it

20  would be a waste of resources (and disorderly) to decide a fourth class certification motion while

21  the Ninth Circuit is itself addressing the proper scope of certification in this case. See Lockyer,

22  398 F.3d at 1110. Further, it appears the appeal could have implications for Defendants' motion to

23  dismiss, which essentially requires the Court to determine, under mootness exceptions for class

24  actions, whether there was a live class equal treatment claim at the time class certification was

25  denied. See Doc. No. 132 at 7:23-12:13.

26        The Court will, therefore, administratively deny without prejudice Plaintiffs' motion for

27  class certification, Defendants' motions for a sur-reply and a supplemental sur-reply, and

28  Defendants' motion to dismiss, and stay this action until the pending appeal has been resolved.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to certify class (Doc. No. 117) is DENIED WITHOUT PREJUDICE;

2. Defendants' motion for leave to file a sur-reply in opposition to Plaintiffs' motion to certify class (Doc. No. 126) is DENIED WITHOUT PREJUDICE;

3. Defendants' motion for leave to supplement its sur-reply in opposition to Plaintiffs' motion to certify class (Doc. No. 133) is DENIED WITHOUT PREJUDICE;

4. Defendants' motion to dismiss (Doc. No. 121) is DENIED WITHOUT PREJUDICE;

5. This action is STAYED pending issuance of a dispositive order on Plaintiffs' pending appeal to the Ninth Circuit Court of Appeals;

6. All pending dates are VACATED until further notice; and

**7.** Plaintiffs are ORDERED to inform the Court within ten days of an order resolving their appeal.

IT IS SO ORDERED.

Dated:   April 25, 2023                                 _____
                                                                          SENIOR DISTRICT JUDGE