**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TAYLOR ANDERS; HENNESSEY EVANS; ABBIGAYLE ROBERTS; MEGAN WALAITIS; TARA WEIR; COURTNEY WALBURGER, individually and on behalf of all those similarly situated, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CALIFORNIA STATE UNIVERSITY, FRESNO; BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY, <br><br> Defendants-Appellees. | No. 23-15265 <br><br> D.C. No. 1:21-cv-00179-AWI-BAM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Argued and Submitted December 13, 2023
San Francisco, California

Before: GOULD, KOH, and DESAI, Circuit Judges.

Taylor Anders et al. ("plaintiffs") appeal the district court's denial of their

renewed motion for class certification, which was alternatively filed as a motion for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

reconsideration. Plaintiffs alleged effective accommodation and equal treatment claims under Title IX. *Mansourian v. Regents of Univ. of Cal.*, 602 F.3d 957, 964–65 (9th Cir. 2010) (defining Title IX claims). Plaintiffs, all former members of the women's lacrosse team, sought certification of classes consisting of current and future female students at California State University, Fresno ("Fresno State") who have participated in or are able and ready to participate in women's varsity intercollegiate athletics at Fresno State.[1] The district court denied plaintiffs' motion because it found that the named plaintiffs were not adequate representatives as required under Fed. R. Civ. P. 23(a)(4). The reason given for the district court's decision was that the plaintiffs' affiliation and contentions favored the women's lacrosse team over other women's varsity sports teams. We have jurisdiction under 28 U.S.C. § 1292(e) and Fed. R. Civ. P. 23(f).[2] We vacate the denial of class certification and remand.

"A district court's determination as to adequacy of representation will be overturned only if the district court abused its discretion." *Harmsen v. Smith*, 693 F.2d 932, 943 (9th Cir. 1982). A district court abuses its discretion "if it does not

---

[1] Plaintiffs seek slightly different classes under their effective accommodation and equal treatment claims, but the class definitions are not at issue on this appeal because the district court expressly reserved ruling on them.

[2] At oral argument, counsel for Fresno State conceded the timeliness of plaintiffs' Rule 23(f) petition for interlocutory appeal.

apply the correct law or if it rests its decision on a clearly erroneous finding of material fact.'" *Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1464 (9th Cir. 1995) (quoting *United States v. Plainbull*, 957 F.2d 724, 725 (9th Cir. 1992)). To determine adequacy of representation under Rule 23(a)(4), we must resolve two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

Rule 23(a)(4), like the other requirements of Rule 23(a), requires courts to conduct a "rigorous analysis" of the factual record. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011); *see also Soc. Servs. Union, Local 535, Serv. Emps. Int'l Union, AFL-CIO v. Santa Clara Cnty.*, 609 F.2d 944, 947 (9th Cir. 1979) (adequacy "is a question of fact to be determined on the basis of all of the relevant circumstances regarding" the proposed representatives, the class, and the case). The crux of this appeal is whether the named plaintiffs have a conflict of interest with members of their proposed class regarding their effective accommodation and equal treatment claims.[3]

---

[3] The district court made no finding that the named plaintiffs were inadequate representatives because of their inability to vigorously prosecute the action and has not yet ruled on Fresno State's argument that plaintiffs' class counsel fails to satisfy Rule 23(a)(4).

1. We conclude that the district court abused its discretion in finding that there was such a conflict regarding plaintiffs' effective accommodation claim. To defeat adequacy, a conflict must be "actual" and not merely "speculative." *Cummings v. Connell*, 316 F.3d 886, 896 (9th Cir. 2003). An actual conflict exists if the remedy sought precludes "structural assurance of fair and adequate representation for the diverse groups and individuals affected." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 627 (1997); *see also In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 942 (9th Cir. 2015) (an actual conflict is "fundamental to the suit").

The district court clearly erred in finding that the remedy sought under plaintiffs' effective accommodation claim requires Fresno State to reinstate at least one women's sports team and that the named plaintiffs would be able to advocate for the reinstatement of the women's lacrosse team at the expense of other women's teams. Under their effective accommodation claim, plaintiffs seek an injunction that only requires Fresno State to comply with Title IX.[4] Fresno State can comply with Title IX without reinstating women's sports teams by "leveling down programs instead of ratcheting them up" to achieve substantial proportionality between male and female athletics opportunities. *Neal v. Bd. of Trs. of Cal. State Univs.*, 198 F.3d

---

[4] Plaintiffs seek an injunction "prohibiting Defendants from eliminating Fresno State's women's lacrosse team (or any other women's varsity intercollegiate athletic opportunities at Fresno State) *unless* and until Fresno State is and will be in compliance with Title IX" (emphasis added).

4

763, 770 (9th Cir. 1999). And even if Fresno State decides to reinstate women's sports teams, the district court points to no evidence suggesting plaintiffs would have input into which teams are to be reinstated.[5] Such "speculation as to conflicts that may develop at the remedy stage is insufficient to support denial of initial class certification." *Soc. Servs. Union*, 609 F.2d at 948.

2. We conclude that the district court also abused its discretion in denying class certification on plaintiffs' equal treatment claim because the district court did not independently analyze the equal treatment claim. In light of our conclusion that the injunctive relief plaintiffs seek under their effective accommodation claim does not necessarily require reinstatement of the women's lacrosse team, we remand for the district court to specifically assess whether a conflict exists under the equal treatment claim. Given that the equal treatment claim expressly seeks equal treatment of the now-eliminated women's lacrosse team, we assume that there will be a renewal of motions filed in the district court to resolve the justiciability of the equal treatment claim and whether leave should be granted to allow plaintiffs to

---

[5] Although plaintiffs have previously sought reinstatement of the women's lacrosse team in a settlement offer, Rule 23(a)(4) and Rule 23(e)(2)(A) adequacy analyses should be kept distinct because "[o]therwise, the preliminary class certification issue can subsume the substantive review of the class action settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 958 (9th Cir. 2003).

amend their complaint. The district court may need to resolve those motions before considering whether a conflict exists under the equal treatment claim.

We vacate the denial of class certification as to both plaintiffs' effective accommodation and equal treatment claims. Our decision is not dispositive of the class certification issue. In addition to issues concerning plaintiffs' equal treatment claim, the district court has, *inter alia*, not yet ruled on the propriety of the class definitions presented, the adequacy of class counsel, and whether plaintiffs satisfy Rule 23(b)(2). We remand to the district court for further proceedings consistent with this disposition. The appellants are awarded costs of appeal.

**VACATED and REMANDED.**