# *Exhibit 5*

**Higginson, Ashley N.**

| | |
|---|---|
| **From:** | Arthur H. Bryant <abryant@clarksonlawfirm.com> |
| **Sent:** | Thursday, November 21, 2024 1:54 PM |
| **To:** | Higginson, Ashley N. |
| **Cc:** | Eldridge, Scott R.; Schwartz, Brian M.; Neda Saghafi; Carey Alexander; mac@caddellchapman.com; Cynthia Chapman (cbc@caddellchapman.com); Giroux, Erika L.; Amy E. Tabor (aet@caddellchapman.com); Emily Torromeo; Lori Bullock |
| **Subject:** | RE: Anders et al. v. Fresno State: Defendants' Request for Plaintiffs' Counsel's Fee-Sharing Agreement |

> **Caution:** This is an external email. Do not open attachments or click links from unknown or unexpected emails.

Dear Ashley,

You asked for Plaintiffs' retainer agreements and we provided them. Now you are asking for the co-counsel agreement among Plaintiffs' counsel and claiming that it somehow constitutes a retainer agreement. It does not.

You have yet to provide any explanation why your request for our co-counsel agreement is timely, state what you view as the particular relevance of the agreement to this case, or provide the legal authority you are relying on to claim the agreement is discoverable. And, of course, you have not met the standard for discovering fee-sharing agreements set out in the legal authority we have provided.

When we meet and confer, please be prepared to provide the information and applicable legal authority we have asked for.

We are not available to meet and confer today or tomorrow. But we are available Monday from noon to 3 pm PT and Tuesday from 9:30 am to 2:30 pm PT. Please let me know when would be best for you in those windows.

Thanks,
Arthur

**Arthur Bryant**
Partner
abryant@clarksonlawfirm.com

# Clarkson

Clarkson Law Firm, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265
Cell (510) 507-9972
Main (213) 788-4050
clarksonlawfirm.com

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

**From:** Higginson, Ashley N. <Higginson@millercanfield.com>
**Sent:** Thursday, November 21, 2024 7:22 AM
**To:** Arthur H. Bryant <abryant@clarksonlawfirm.com>
**Cc:** Eldridge, Scott R. <eldridge@millercanfield.com>; Schwartz, Brian M. <schwartzb@millercanfield.com>; Neda Saghafi <nsaghafi@clarksonlawfirm.com>; Carey Alexander <calexander@clarksonlawfirm.com>; mac@caddellchapman.com; Cynthia Chapman (cbc@caddellchapman.com) <cbc@caddellchapman.com>; Giroux, Erika L. <Giroux@millercanfield.com>; Amy E. Tabor (aet@caddellchapman.com) <aet@caddellchapman.com>; Emily Torromeo <etorromeo@clarksonlawfirm.com>; Lori Bullock <lbullock@clarksonlawfirm.com>
**Subject:** RE: Anders et al. v. Fresno State: Defendants' Request for Plaintiffs' Counsel's Fee-Sharing Agreement

Arthur:

Your suggestion that this issue has arisen "for the first time ever" is mistaken. As you are aware, the parties have already briefed and resolved issues related to the discovery of retainer agreements, finding that the information is relevant, rendering the out-of-district and out-of-circuit unpublished case attached to your email inapplicable. At that time, Plaintiffs waived their assertion that the information is protected by the attorney-client privilege. [See ECF No. 131, 134]. You already have the legal authority regarding the relevance of this information (in the briefing that led to the Magistrate Judge's ruling) and any attempt to re-litigate an issue already resolved is improper. Plaintiffs have a duty to supplement, which includes production of the Caddell & Chapman retainer agreements, Lori Bullock's retention agreement, and the fee sharing agreements between the parties.

The fee sharing agreements are part of the Clarkson retainer agreement. Specifically, paragraph 7 states that counsel "may associate with other counsel in this case as they see fit and agree to divide the attorneys' fees in this case with them." It also states: "If they do so, my attorneys **will disclose to me in writing those counsel are and the terms of the fee division.**" (Emphasis added). Additionally, as you are aware, California Rule of Professional Conduct 1.5.1(a) states in relevant part, that lawyers "who are not in the same law firm shall not divide a fee for legal services unless' three conditions are met: (1) the lawyers enter into a written agreement to divide the fee; (2) **the client has consented in writing**; and (3) the total fee charged by all lawyers is not increased solely by reason of dividing the fee." (Emphasis added). It is not clear you have disclosed in writing the terms of the fee-sharing agreement to the proposed class representatives. Nor is it clear each proposed class representative consented in writing to that fee division. In addition to the prior ruling by the Magistrate Judge, this information is directly relevant to your ability to represent the class. Thus, we are entitled to explore those items.

Please advise whether one of the attorneys representing Plaintiffs are available to meet and confer on Thursday, November 21 to discuss these issues. If we do not hear from you by noon PT in that regard, we will proceed in seeking the court's intervention.

Regards,

Ashley

---

**From:** Arthur H. Bryant <abryant@clarksonlawfirm.com>
**Sent:** Wednesday, November 20, 2024 8:03 PM
**To:** Higginson, Ashley N. <Higginson@millercanfield.com>
**Cc:** Eldridge, Scott R. <eldridge@millercanfield.com>; Schwartz, Brian M. <schwartzb@millercanfield.com>; Neda Saghafi <nsaghafi@clarksonlawfirm.com>; Carey Alexander <calexander@clarksonlawfirm.com>; mac@caddellchapman.com; Cynthia Chapman (cbc@caddellchapman.com) <cbc@caddellchapman.com>; Giroux, Erika L. <Giroux@millercanfield.com>; Amy E. Tabor (aet@caddellchapman.com) <aet@caddellchapman.com>; Emily Torromeo <etorromeo@clarksonlawfirm.com>; Lori Bullock <lbullock@clarksonlawfirm.com>
**Subject:** Anders et al. v. Fresno State: Defendants' Request for Plaintiffs' Counsel's Fee-Sharing Agreement

> **Caution:** This is an external email. Do not open attachments or click links from unknown or unexpected emails.

Dear Ashley,

Your attempt to obtain discovery of the fee-sharing agreement among Plaintiffs' counsel now, for the first time ever, is improper. Please explain why you believe this new discovery request is timely, state what you view as the particular relevance of the agreement to this case, and provide the legal authority you are relying on to claim the agreement is discoverable.

You have yet to state any basis for your request. On November 14, you wrote: " In light of Plaintiffs' recent change in counsel, Fresno State is requesting that Plaintiffs supplement their discovery productions and produce their retainer agreements with Clarkson Law Firm, P.C. and any fee-sharing agreements among Plaintiffs' counsel." But Plaintiffs had supplemented their discovery productions and produced their retainer agreements with Clarkson Law Firm, P.C., on November 8 and Fresno State had never requested production of any fee-sharing agreements among Plaintiffs' counsel.

So I asked that you "Please point me to the Request for Production in which you sought 'any fee-sharing agreements among Plaintiffs' counsel' and what authority you are relying on to claim they are discoverable." In response, you quoted paragraph 7 of our retainer agreement and said our fee-sharing agreement was "incorporated by reference into the retainer agreement."  But your quotation showed that wasn't true, either. Neither paragraph 7 nor any other portion of our retainer agreement refers to our fee-sharing agreement at all.

Finally, you said you would not "recite authorities already provided in this case related to the discoverability of these materials in a class action." But you have not yet provided *any* such authorities. The authorities you provided concern retainer agreements between plaintiffs and class counsel. We have produced them. What you are seeking now – and have never previously sought – is production of the fee-sharing agreement among plaintiffs' counsel. If you have any authority that such fee-sharing agreements are discoverable, please provide it to us.

As best we can tell, the attached decision in *Cohen v. Allegiance Administrators*, LLC, 2022 WL 325027, reviews the law well. Discussing a request for production of a "Fee Sharing Agreement," it says:

> The discovery of fee agreements generally is not relevant and "rarely appropriate" for questions of class certification. *Stanich v. Travelers Indem. Co.*, 259 F.R.D. 294, 322 (N.D. Ohio 2009). While courts do permit discovery of fee agreements, the requesting party generally must demonstrate their particular relevance to the case as opposed to other available discovery. *See Abernethy v. Corinthian Colleges, Inc.*, No. 2:10-CV-131, 2011 WL 3107729, at *2 (S.D. Ohio July 25, 2011); *see also In re Riddell Concussion Reduction Litig.*, Civ. No. 13-7585, 2016 WL 7325512, at *3 (D.N.J. Jan. 19, 2016). In the class certification context, fee agreements typically have no relevance to adequacy unless the party seeking discovery can demonstrate, with particularity, how the agreement would demonstrate a conflict of interest or other prima facie challenge (such as when named plaintiffs do not have the funds to sustain the litigation). *In re Riddell*, 2016 WL 7325512, at *3.

You have not yet provided us with any reason why you believe your new request is timely, any explanation of the particular relevance of the fee-sharing agreement to this case, or any legal

3

authority to support your claim that the fee-sharing agreement is discoverable. Without any of these things, we cannot agree to produce it.

Sincerely,
Arthur

**Arthur Bryant**
Partner
abryant@clarksonlawfirm.com

# Clarkson

Clarkson Law Firm, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265
Cell (510) 507-9972
Main (213) 788-4050
clarksonlawfirm.com

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

---

**From:** Higginson, Ashley N. <Higginson@millercanfield.com>
**Sent:** Tuesday, November 19, 2024 11:30 AM
**To:** Arthur H. Bryant <abryant@clarksonlawfirm.com>; Giroux, Erika L. <Giroux@millercanfield.com>
**Cc:** Eldridge, Scott R. <eldridge@millercanfield.com>; Schwartz, Brian M. <schwartzb@millercanfield.com>; Neda Saghafi <nsaghafi@clarksonlawfirm.com>; Carey Alexander <calexander@clarksonlawfirm.com>; mac@caddellchapman.com; Cynthia Chapman (cbc@caddellchapman.com) <cbc@caddellchapman.com>; Amy E. Tabor (aet@caddellchapman.com) <aet@caddellchapman.com>
**Subject:** RE: Anders et al. v. Fresno State [MCPS-ACTIVE.FID2667825]

Counsel

I have not received a response to our below email from your team. By close of business tomorrow, please let me know if you intend to provide the engagement and/or fee-sharing agreement concerning Caddell & Chapman or Lori Bullock's retention in this case or else confirm that no such documents exist. These documents are relevant to our response in opposition to Plaintiffs' motion for certification.

Otherwise, we are available this week to meet and confer concerning this matter, as required under L Civ. R 251 – please provide your availability. If it is your position that you are refusing to provide these relevant documents, please provide the authorities in support of your position. If we cannot reach an agreement concerning this matter, we will be required to address the matter with the Court through its discovery disagreement process for the second time in this litigation.

Thank you,
Ashley

---

**From:** Higginson, Ashley N. <Higginson@millercanfield.com>
**Sent:** Friday, November 15, 2024 1:54 PM
**To:** Arthur H. Bryant <abryant@clarksonlawfirm.com>; Giroux, Erika L. <Giroux@millercanfield.com>

**Cc:** Eldridge, Scott R. <eldridge@millercanfield.com>; Schwartz, Brian M. <schwartzb@millercanfield.com>; Neda Saghafi <nsaghafi@clarksonlawfirm.com>; Carey Alexander <calexander@clarksonlawfirm.com>; mac@caddellchapman.com; Cynthia Chapman (cbc@caddellchapman.com) <cbc@caddellchapman.com>; Amy E. Tabor (aet@caddellchapman.com) <aet@caddellchapman.com>
**Subject:** RE: Anders et al. v. Fresno State [MCPS-ACTIVE.FID2667825]

Dear Arthur:

The Clarkson retainer agreements produced state:

> **7. Association with Other Counsel and Division of Attorneys' Fees.** My attorneys may associate with other counsel in this case as they see fit and agree to divide the attorneys' fees in this case with them. If they do so, my attorneys will disclose to me in writing who those counsel are and the terms of the fee division. I understand that those counsel, if any, will also only recover their costs, expenses, and fees, if at all, from the amounts recovered from the Defendants through any settlement or successful resolution that is reached.

Any fee sharing agreement (the disclosure to each Plaintiff about the terms of them) is incorporated by reference into the retainer agreement. Alternatively or additionally, please produce a copy of any retainer agreement related to Caddell & Chapman or Lori Bullock's retention in this case, if any.

We will not recite authorities already provided in this case related to the discoverability of these materials in a class action. The Magistrate Judge already overruled Plaintiffs' objections to relevance and Plaintiffs withdrew their objection that any portion of the agreements are privileged and agreed to voluntarily produce them. [See, e.g., ECF Nos. 131, 134]

Thank you,
Ashley

---

**From:** Arthur H. Bryant <abryant@clarksonlawfirm.com>
**Sent:** Thursday, November 14, 2024 6:43 PM
**To:** Higginson, Ashley N. <Higginson@millercanfield.com>; Giroux, Erika L. <Giroux@millercanfield.com>
**Cc:** Eldridge, Scott R. <eldridge@millercanfield.com>; Schwartz, Brian M. <schwartzb@millercanfield.com>; Neda Saghafi <nsaghafi@clarksonlawfirm.com>; Carey Alexander <calexander@clarksonlawfirm.com>; mac@caddellchapman.com; Cynthia Chapman (cbc@caddellchapman.com) <cbc@caddellchapman.com>; Amy E. Tabor (aet@caddellchapman.com) <aet@caddellchapman.com>
**Subject:** RE: Anders et al. v. Fresno State [MCPS-ACTIVE.FID2667825]

> **Caution:** This is an external email. Do not open attachments or click links from unknown or unexpected emails.

Dear Ashley,

Please point me to the Request for Production in which you sought "any fee-sharing agreements among Plaintiffs' counsel" and what authority you are relying on to claim they are discoverable.

Thanks,
Arthur

**Arthur Bryant**
Partner
abryant@clarksonlawfirm.com

# Clarkson

Clarkson Law Firm, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265
Cell (510) 507-9972
Main (213) 788-4050
clarksonlawfirm.com

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

---

**From:** Higginson, Ashley N. <Higginson@millercanfield.com>
**Sent:** Thursday, November 14, 2024 3:09 PM
**To:** Arthur H. Bryant <abryant@clarksonlawfirm.com>; Giroux, Erika L. <Giroux@millercanfield.com>
**Cc:** Eldridge, Scott R. <eldridge@millercanfield.com>; Schwartz, Brian M. <schwartzb@millercanfield.com>; Neda Saghafi <nsaghafi@clarksonlawfirm.com>; Carey Alexander <calexander@clarksonlawfirm.com>; mac@caddellchapman.com; Cynthia Chapman (cbc@caddellchapman.com) <cbc@caddellchapman.com>; Amy E. Tabor (aet@caddellchapman.com) <aet@caddellchapman.com>
**Subject:** RE: Anders et al. v. Fresno State [MCPS-ACTIVE.FID2667825]

Counsel:

Thank you for confirming, we are in receipt of these documents. We continue to seek any fee-sharing agreements among Plaintiffs' counsel, as also requested below.

Thank you,
Ashley

---

**From:** Arthur H. Bryant <abryant@clarksonlawfirm.com>
**Sent:** Thursday, November 14, 2024 5:34 PM
**To:** Giroux, Erika L. <Giroux@millercanfield.com>
**Cc:** Eldridge, Scott R. <eldridge@millercanfield.com>; Schwartz, Brian M. <schwartzb@millercanfield.com>; Higginson, Ashley N. <Higginson@millercanfield.com>; Neda Saghafi <nsaghafi@clarksonlawfirm.com>; Carey Alexander <calexander@clarksonlawfirm.com>; mac@caddellchapman.com; Cynthia Chapman (cbc@caddellchapman.com) <cbc@caddellchapman.com>; Amy E. Tabor (aet@caddellchapman.com) <aet@caddellchapman.com>
**Subject:** RE: Anders et al. v. Fresno State [MCPS-ACTIVE.FID2667825]

> **Caution:** This is an external email. Do not open attachments or click links from unknown or unexpected emails.

Hi Erika,

Surprised to receive this from you. We served you with the new Clarkson representation agreements last Friday (both in Fresno State and in SDSU).

Emily Torromeo emailed you a link to them and a password. She said they did not bounce back. Did you not get them?

**Arthur Bryant**
Partner

abryant@clarksonlawfirm.com

# Clarkson

Clarkson Law Firm, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265
Cell (510) 507-9972
Main (213) 788-4050
clarksonlawfirm.com

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

---

**From:** Giroux, Erika L. <Giroux@millercanfield.com>
**Sent:** Thursday, November 14, 2024 10:11 AM
**To:** Arthur H. Bryant <abryant@clarksonlawfirm.com>; Neda Saghafi <nsaghafi@clarksonlawfirm.com>; Carey Alexander <calexander@clarksonlawfirm.com>; mac@caddellchapman.com; Cynthia Chapman (cbc@caddellchapman.com) <cbc@caddellchapman.com>; Amy E. Tabor (aet@caddellchapman.com) <aet@caddellchapman.com>
**Cc:** Eldridge, Scott R. <eldridge@millercanfield.com>; Schwartz, Brian M. <schwartzb@millercanfield.com>; Higginson, Ashley N. <Higginson@millercanfield.com>
**Subject:** Anders et al. v. Fresno State [MCPS-ACTIVE.FID2667825]

Counsel:

In light of Plaintiffs' recent change in counsel, Fresno State is requesting that Plaintiffs supplement their discovery productions and produce their retainer agreements with Clarkson Law Firm, P.C. and any fee-sharing agreements among Plaintiffs' counsel.  Given the class certification briefing deadlines, please produce copies of these agreements by the end of the day tomorrow, Friday, November 15.

Thank you,
Erika

---

Erika L. Giroux | Principal
**Miller Canfield**
150 West Jefferson Avenue, Suite 2500
Detroit, Michigan 48226-4415 (US)
**T** +1.313.496.7514 | **F** +1.313.496.7500 | **M** +1.313.819.7199

---

You have received a message from the law firm Miller Canfield.  The information contained in or attached to this electronic mail may be privileged and/or confidential. If you received this transmission and are not the intended recipient, you should not read this message and are hereby notified that any dissemination, distribution or copying of this communication and/or its attachments is strictly prohibited. If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and delete or destroy the original and any copies, electronic, paper or otherwise, that you may have of this communication and any attachments.