Michael A. Caddell (SBN 249469)
Cynthia B. Chapman (SBN 164471)
Amy E. Tabor (SBN 297660)
**CADDELL & CHAPMAN**
P.O. Box 1311
Monterey, CA 93942
Tel.: (713) 751-0400
Fax: (713) 751-0906
mac@caddellchapman.com
cbc@caddellchapman.com
aet@caddellchapman.com

Arthur H. Bryant (SBN 208365)
Neda Saghafi (SBN 344633)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Hwy
Malibu, CA 90265
Tel.: (213) 788-4050
Fax: (213) 788-4070
abryant@clarksonlawfirm.com
nsaghafi@clarksonlawfirm.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR ANDERS, HENNESSEY EVANS, ABBIGAYLE ROBERTS, MEGAN WALAITIS, TARA WEIR, and COURTNEY WALBURGER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA STATE UNIVERSITY, FRESNO, and BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY,<br><br>Defendants. | Case No. 1:21-cv-00179-KJM-BAM<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF THEIR RENEWED MOTION FOR CLASS CERTIFICATION**<br><br>Date:     January 23, 2025<br>Time:     10:00 a.m.<br>Location: Courtroom 3 – 15th Floor<br>Judge:    Honorable Kimberly J. Mueller |

**TABLE OF CONTENTS**

**Page No.**

I. THE COURT-FASHIONED CLASS DEFINITIONS ARE ACCEPTABLE. ........................1

II. THE CLASSES SATISFY THE NUMEROSITY REQUIREMENT. ...................................3

III. COMMONALITY AND RULE 23(b)(2) ARE SATISFIED. ...................................................4

IV. THE CLASS REPRESENTATIVES' CLAIMS ARE TYPICAL. ..........................................6

V. THE CLASS REPRESENTATIVES AND CLASS COUNSEL ARE ADEQUATE. ...........6

    A. The class representatives will adequately represent the Classes. ................................6

    B. Class counsel will adequately represent the Classes. ....................................................7

VI. CONCLUSION .....................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**                                                               **Page No.**

*A. B. by C. B. v. Hawaii State Dep't of Educ.*,
    334 F.R.D. 600 (D. Haw. 2019),
    *rev'd and remanded on other grounds*, 30 F.4th 828 (9th Cir. 2022) ........................................... 3

*A.B. v. Haw. State Dep't of Educ.*,
    30 F.4th 828 (9th Cir. 2022) ........................................................................................................ 3, 4

*Belgau v. Inslee*,
    975 F.3d 940 (9th Cir. 2020) ........................................................................................................... 3

*Biediger v. Quinnipiac Univ.*,
    No. 3:09cv621 (SRU),
    2010 U.S. Dist. LEXIS 50044 (D. Conn. May 20, 2010) .................................................................. 2

*Briseno v. ConAgra Foods, Inc.*,
    844 F.3d 1121 (9th Cir. 2017) .......................................................................................................... 1

*Brooks v. Darling Int'l, Inc.*,
    2017 WL 1198542 (E.D. Cal. Mar. 31, 2017) .................................................................................. 1

*Butler v. Sears, Roebuck & Co.*,
    727 F.3d 796 (7th Cir. 2013) ........................................................................................................... 5

*Chavez v. Huhtamaki, Inc.*,
    No. 2:21-cv-01073-ODW (JEMx),
    2021 U.S. Dist. LEXIS 191373 (C.D. Cal. Sep. 28, 2021) ............................................................... 8

*Cohen v. Brown Univ.*,
    16 F.4th 935 (1st Cir. 2021) ......................................................................................................... 3, 7

*Cummings v. Connell*,
    316 F.3d 886 (9th Cir. 2003) ......................................................................................................... 10

*Fisk v. Bd. of Trs. of the Cal. State Univ.*,
    No. 22-CV-173 TWR (MSB),
    2023 U.S. Dist. LEXIS 164833 (S.D. Cal. Sep. 15, 2023) ............................................................... 3

*Fisk v. Bd. of Trs. of the Cal. State Univ.*,
    No. 22-CV-173 TWR (MSB),
    2023 U.S. Dist. LEXIS 64620 (S.D. Cal. Apr. 12, 2023) ................................................................. 3

*Gamino v. Kpc Healthcare Holdings, Inc.*,
    No. 5:20-cv-01126-SB-SHK,
    2022 U.S. Dist. LEXIS 66311 (C.D. Cal. Apr. 5, 2022) ................................................................... 7

*Garris v. City of L.A.*,
    No. CV 17-1452-MWF(Ex),
    2018 U.S. Dist. LEXIS 228743 (C.D. Cal. Feb. 9, 2018) ................................................................. 5

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) ......................................................................................................... 6

*In re Live Concert Antitrust Litig.*,
   247 F.R.D. 98 (C.D. Cal. 2007) ..........................................................................................7

*In re Northrop Grumman Corp. Erisa Litig.*,
   No. CV 06-06213 MMM (JCx),
   2011 U.S. Dist. LEXIS 94451 (C.D. Cal. Mar. 29, 2011) ..................................................7

*In re Yahoo Mail Litig.*,
   308 F.R.D. 577 (N.D. Cal. 2015) ........................................................................................2

*Inland Empire - Immigrant Youth Collective v. Nielsen*,
   No. EDCV 17-2048 PSG (SHKx),
   2018 U.S. Dist. LEXIS 34871 (C.D. Cal. Feb. 26, 2018) ...................................................5

*Kamm v. Cal. City Dev. Co.*,
   509 F.2d 205 (9th Cir. 1975) ..............................................................................................4

*Mansor v. United States Citizenship & Immigr. Servs.*,
   345 F.R.D. 193 (W.D. Wash. 2023) ...................................................................................2

*Multi-Ethnic Immigrant Workers Org. Network v. City of L.A.*,
   246 F.R.D. 621 (C.D. Cal. 2007) ........................................................................................2

*Ollier v. Sweetwater Union High Sch. Dist.*,
   251 F.R.D. 564 (S.D. Cal. 2008) ........................................................................................3

*Pederson v. La. State Univ.*,
   213 F.3d 858 (5th Cir. 2000) ..............................................................................................2

*Pitts v. Terrible Herbst, Inc.*,
   653 F.3d 1081 (9th Cir. 2011) ............................................................................................3

*Portz v. St. Cloud St. Univ.*,
   16 F.4th 577 (8th Cir. 2021) ...............................................................................................5

*Portz v. St. Cloud St. Univ.*,
   297 F. Supp. 3d 929 (D. Minn. 2018) .................................................................................3

*Rodriguez v. Hayes*,
   591 F.3d 1105 (9th Cir. 2010) ............................................................................................6

*Ruiz Torres v. Mercer Canyons Inc.*,
   835 F.3d 1125 (9th Cir. 2016) ............................................................................................2

*Shelton v. Bledsoe*,
   775 F.3d 554 (3d Cir. 2015) ...............................................................................................2

*Stockwell v. City & Cty. of S.F.*,
   749 F.3d 1107 (9th Cir. 2014) ............................................................................................5

*United States v. Thrasher*,
   483 F.3d 977 (9th Cir. 2007) ..............................................................................................6

Case No. 1:21-cv-00179-KJM-BAM    iii
REPLY ISO RENEWED MOTION FOR CLASS CERTIFICATION

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011)...........................................................................................................5

*Wolin v. Jaguar Land Rover N. Am., L.L.C.*,
   617 F.3d 1168 (9th Cir. 2010) .........................................................................................6

**Rules**

Fed. R. Civ. P. 23 ....................................................................................................................2

**Treatises**

5 Moore's Federal Practice - Civil § 23.22 (3d ed. 2024).......................................................4

Plaintiffs respectfully submit this Reply in further support of their Renewed Motion for Class Certification. ECF No. 165.[1] In vacating the Court's prior denial of class certification and remanding for further proceedings, the Ninth Circuit asked this Court to consider four discrete questions: (1) whether a conflict exists under Plaintiffs' equal treatment claim; (2) whether the class definitions are proper; (3) whether class counsel are adequate; and (4) whether the proposed classes satisfy Rule 23(b)(2). The Court's assignment is necessarily narrow because this Court has repeatedly held that Rule 23(a)'s numerosity, commonality, and typicality requirements were each satisfied.

In its Opposition to Plaintiffs' Motion for Class Certification, Defendants California State University, Fresno, and the Board of Trustees of California State University ("Defendants" or "Fresno State") advance a litany of arguments that have been repeatedly rejected, effectively arguing that both this Court and Ninth Circuit were wrong. Accepting Fresno State's arguments would not only violate the Ninth Circuit's mandate, but would constitute legal error because Fresno State repeatedly misconstrues the standards governing class certification. For the further reasons set forth below, the Court should grant Plaintiffs' renewed motion.

## I.   THE COURT-FASHIONED CLASS DEFINITIONS ARE ACCEPTABLE.

Fresno State starts by challenging the proposed class definitions, citing cases saying they must be "acceptable" and that courts are "not bound by the class definition proposed in the complaint." Opp'n at 8. Plaintiffs agree. In this case, the Court agreed, too. It crafted its own definitions. Plaintiffs accepted them for a simple reason: they are entirely acceptable. ECF No. 93 at 5-10.

Fresno State's attacks on the class definitions are based on a 2017 district court decision noting "three concerns in determining whether ascertainability is satisfied." *Brooks v. Darling Int'l, Inc.*, 2017 WL 1198542, at *6 (E.D. Cal. Mar. 31, 2017). But, as the Ninth Circuit held that year, "Rule 23 neither provides nor implies that demonstrating an administratively feasible way to identify class members is a prerequisite to class certification." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1133 (9th Cir. 2017). The Ninth Circuit further noted that even circuits with an ascertainability requirement have "declined to extend [an] administrative feasibility requirement[] to Rule 23(b)(2) classes," *id.* at 1127 n.7, and "courts within the Ninth Circuit have concluded that the implied

---
[1] Unless otherwise defined, capitalized terms have the meaning defined in the motion.

ascertainability requirement does not apply to Rule 23(b)(2) classes." *Mansor v. United States Citizenship & Immigr. Servs.*, 345 F.R.D. 193, 204-05 (W.D. Wash. 2023) (collecting cases). It is "unnecessary to define with precision the persons entitled to enforce compliance" in a (b)(2) class because the indivisible nature of the remedy means that "defendants are legally obligated to comply" with the equitable relief ordered. *In re Yahoo Mail Litig.*, 308 F.R.D. 577, 597 (N.D. Cal. 2015) (quoting *Shelton v. Bledsoe*, 775 F.3d 554, 561 (3d Cir. 2015)).

Based on the false premise that an ascertainability requirement applies to this case, Fresno State claims that four words or phrases render the Court-fashioned class definitions overbroad and unworkable, including references to: (1) "future" students; (2) "able and ready"; (3) who "perceived" a lack of opportunity; (4) or were "deterred" from participating. Opp'n at 10.[2] Setting aside that the Court itself has already explained why these definitions suffice, ECF No. 93 at 5-10, each of Fresno State's challenges fails.

***First***, including "future members does not cause a class to be unascertainable, as other Title IX cases reveal." *Biediger v. Quinnipiac Univ.*, No. 3:09cv621 (SRU), 2010 U.S. Dist. LEXIS 50044, at *8 (D. Conn. May 20, 2010) (collecting cases); *Multi-Ethnic Immigrant Workers Org. Network v. City of L.A.*, 246 F.R.D. 621, 630 (C.D. Cal. 2007) ("[T]he very nature of an injunctive class contemplates that there will be class members who can only be determined in the future.").

***Second***, in addition to ignoring the fact that Title IX class actions like this one are regularly certified, *see* Mot. at 15-16, Fresno State ignores that "able and ready" is a term of art that can be "certainly established" by reference to objective criteria, including participation in club sports or competing for a varsity intercollegiate athletic team. *Pederson v. La. State Univ.*, 213 F.3d 858, 870-71, 883 (5th Cir. 2000); *see also Fisk v. Bd. of Trs. of the Cal. State Univ.*, No. 22-CV-173 TWR

---

[2] Because the class definitions are phrased in the disjunctive, Fresno State has waived any related challenge to the definition of the Effective Accommodation class to the extent it includes current female Fresno State students who (i) have lost membership on a women's varsity intercollegiate athletics team at Fresno State, or (ii) have sought but not achieved membership on a women's varsity intercollegiate athletics team at Fresno State; and the definition of the Equal Treatment Class to the extent it includes current female Fresno State students who participate or have participated in women's varsity intercollegiate athletics at Fresno State. As Fresno State acknowledges, Opp'n at 10 n.6, to the extent the Court is inclined to reconsider its prior holdings, "the better course is not to deny class certification entirely but to amend the class definition as needed to correct for the overbreadth." *Ruiz Torres v. Mercer Canyons Inc.*, 835 F.3d 1125, 1139 (9th Cir. 2016); *see also* Fed. R. Civ. P. 23(c)(1)(C). Plaintiffs agree.

(MSB), 2023 U.S. Dist. LEXIS 64620, at *21-33 (S.D. Cal. Apr. 12, 2023) ("able and ready" requirement satisfied by reference to objective criteria such as prior receipt of financial aid).

***Third***, the reference to students who "perceived" a lack of opportunity relates not to an individual women's subjective belief as to whether she has been effectively accommodated, but the absence of participation opportunities. Fresno State does not explain how these students are effectively accommodated and concedes that such a perception can form the basis of a viable claim where a school does not provide substantially proportionate participation opportunities. Opp'n at 9.

***Finally***, as to students "deterred" from participating, courts have regularly certified classes encompassing such individuals. *See, e.g.*, *Cohen v. Brown Univ.*, 16 F.4th 935, 941 (1st Cir. 2021); *Portz v. St. Cloud St. Univ.*, 297 F. Supp. 3d 929 (D. Minn. 2018); *Ollier v. Sweetwater Union High Sch. Dist.*, 251 F.R.D. 564, 565 (S.D. Cal. 2008); *see also A.B. v. Haw. State Dep't of Educ.*, 30 F.4th 828, 839 n.5 (9th Cir. 2022).

While Fresno State argues that the class definitions encompass individuals who are not entitled to recovery, both the class representatives and all class members have standing to pursue their Title IX claims. Fresno State challenges the class representatives' standing on the basis that they graduated after filing this suit in February 2021. Opp'n at 6. But as set forth more fully in Plaintiffs' Opposition to Fresno State's pending Motion to Dismiss, ECF No. 154, this Court has repeatedly held that Plaintiffs have standing because they asserted live claims flowing from Defendants' unlawful conduct. ECF Nos. 57 at 10-22; 93 at 16-17; 107 at 18. Those claims remain live and are not moot because Plaintiffs' claims are inherently transitory and Plaintiffs timely moved for class certification before their claims arguably became moot. *Belgau v. Inslee*, 975 F.3d 940, 949 (9th Cir. 2020); *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1090, 1096 (9th Cir. 2011); *Fisk v. Bd. of Trs. of the Cal. State Univ.*, No. 22-CV-173 TWR (MSB), 2023 U.S. Dist. LEXIS 164833, at *25-35 (S.D. Cal. Sep. 15, 2023); *A. B. by C. B. v. Hawaii State Dep't of Educ.*, 334 F.R.D. 600, 605 (D. Haw. 2019), *rev'd and remanded on other grounds*, 30 F.4th 828 (9th Cir. 2022). All class members have standing because each has been harmed by Fresno State's discriminatory acts.

II.   **THE CLASSES SATISFY THE NUMEROSITY REQUIREMENT.**

Along with its Opposition, Fresno State submitted an undated declaration from Carrie Coll,

who states that she maintains data "reflecting the Title IX participation count for each team." ECF No. 167-2 ¶ 5. Ms. Cole's data appear to reflect at least 250 female student athletes for the 2023-24 academic year, *id.* Ex. C; at least 237 female student athletes for the 2022-23 academic year, *id.* Ex. B; and at least 239 female student athletes for the 2021-22 academic year, *id.* Ex. A.[3] Thus, Fresno State's own data identifies hundreds of female Fresno State students who participate or have participated in women's varsity intercollegiate athletics at Fresno State, establishing that joinder here would be impracticable and the numerosity requirement is met. *A.B.*, 30 F.4th at 837.

While the Court previously found that it was "hard to imagine" that numerosity would not be satisfied as to the Effective Accommodation Class, ECF No. 93 at 12, Fresno State disputes the Court's ability to make common-sense assumptions by citing *Niblock v. Univ. of Ky.*, No. 5:19-cv-00394, ECF No. 70 (E.D. Ky. October 28, 2024). *Niblock*, though, was decided on a full record after trial. Here, in light of the limited discovery adduced to date, ECF Nos. 83 at 2; 106 at 6 (bifurcating discovery and denying request for Title IX participation data), the Court is entitled to draw reasonable references from the record. 5 Moore's Federal Practice - Civil § 23.22 (3d ed. 2024).

Finally, while Fresno State argues that "recent college graduates" like Plaintiffs could "likely never afford to pay" reasonable attorneys' fees, Opp'n at 18, Fresno State fails to recognize that the limited "ability of individual claimants to institute separate suits" weighs in favor of finding that joinder is impracticable. *A.B.*, 30 F.4th at 835-36. The numerosity requirement is thus satisfied.

### III.  COMMONALITY AND RULE 23(b)(2) ARE SATISFIED.

Fresno State suggests that commonality is lacking as to the Effective Accommodation Class because of purported differences between former and prospective student-athletes and that deterred students might need to "present facts" relating to the Effective Treatment Class.[4] Opp'n at 14. Dissimilarities, though, are relevant "not in order to determine (as Rule 23(b)(3) requires) whether

---

[3] Plaintiffs previously challenged the accuracy of Fresno State's data. *See* Mot. at 2 nn.1 & 2. The spreadsheets attached to the undated Coll declaration are not Bates-stamped and Plaintiffs have not identified them as documents that have been produced in discovery. Plaintiffs previously pursued and were denied access to Fresno State's Title IX data to analyze in connection with class certification. ECF No. 106. Accordingly, such data should not be used as a basis to deny class certification. *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 209-10 (9th Cir. 1975).

[4] Fresno State concedes that the facts underlying the Equal Treatment Class's claims remain the same "at least annually," Opp'n at 14, and suggests that the same is true as to the Effective Accommodation Class. *Id.* at 13 n.7 (referring to participation opportunities "in any given year").

common questions predominate, but in order to determine (as Rule 23(a)(2) requires) whether there is even a single common question." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011). Fresno State ignores that the single overarching question in this action is whether Fresno State violated Title IX. Fresno State also ignores that Plaintiffs already identified six additional questions, the answers to which will be common to the Classes. Mot. at 7-8.

Fresno State's merits argument – that its purported "demonstrated compliance" with Title IX "confirms" that current female student-athletes have no viable claims, Opp'n at 14 – inherently concedes that the question of whether Fresno State violated Title IX is common to the class. If Fresno State is complying with its Title IX obligations, that is "an argument not for refusing to certify the class but for certifying it and then entering a judgment that would largely exonerate [Defendant]." *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 799 (7th Cir. 2013). Otherwise, the question of "whether class members could actually prevail on the merits of their claims is not a proper inquiry in determining preliminary questions relating to class certification." *Inland Empire - Immigrant Youth Collective v. Nielsen*, No. EDCV 17-2048 PSG (SHKx), 2018 U.S. Dist. LEXIS 34871, at *15 (C.D. Cal. Feb. 26, 2018) (quoting *Stockwell v. City & Cty. of S.F.*, 749 F.3d 1107, 1112 (9th Cir. 2014)); *Garris v. City of L.A.*, No. CV 17-1452-MWF(Ex), 2018 U.S. Dist. LEXIS 228743, at *23 (C.D. Cal. Feb. 9, 2018) ("An opposition to a motion for class certification is not the appropriate delivery mechanism for merits-related arguments . . . .").

Citing decisions from inapposite contexts, Fresno State claims that the Classes do not account for "sport-specific decisions." Opp'n at 14. This ignores that Title IX's program-wide assessment inherently accounts for the relevant distinctions between sports. *See, e.g.*, *Portz v. St. Cloud St. Univ.*, 16 F.4th 577, 584 (8th Cir. 2021) (Title IX requires focus on "program-wide benefits and opportunities rather than on a smaller sub-division of the program (e.g., sports, tiers of sports, etc.).")[5] Accordingly, the commonality requirement is satisfied.

---

[5] Fresno State addresses Rule 23(b)(2) only in a footnote and argues that it is not satisfied "[f]or the same reasons" as commonality. Opp'n at 13 n.7. As set forth above, Plaintiffs satisfy Rule 23(b)(2) because Fresno State could only have violated Title IX as to all of its female student-athletes or none of them. *See* Mot. at 14-16.

## IV. THE CLASS REPRESENTATIVES' CLAIMS ARE TYPICAL.

Fresno State challenges typicality by arguing that the class representatives hail from the lacrosse team, were actual and not potential female-student athletes, and had individual motivations for filing this action. Opp'n at 15. None suffice to defeat typicality, which requires only that the class representative's claims be "reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998); *Wolin v. Jaguar Land Rover N. Am., L.L.C.*, 617 F.3d 1168, 1175 (9th Cir. 2010) ("Typicality can be satisfied despite different factual circumstances surrounding the manifestation of the [injury]."). As the Court previously recognized, ECF No. 93 at 15, typicality is satisfied here because "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability," and Fresno State fails to identify any unique defenses applicable only to the class representatives, let alone ones that could threaten to become the focus of the litigation. *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir. 2010).

## V. THE CLASS REPRESENTATIVES AND CLASS COUNSEL ARE ADEQUATE.

### A. The class representatives will adequately represent the Classes.

Fresno State challenges the adequacy of the class representatives "for each of their proposed classes," Opp'n at 16, and claims that the Ninth Circuit merely held that, "in theory," class representatives from one team can represent all female student-athletes. Opp'n at 1. The Ninth Circuit's holding was clear: "[T]he district court abused its discretion in finding that there was such a conflict regarding plaintiffs' effective accommodation claim." ECF No. 139 at 3-4. The Ninth Circuit vacated and remanded to "assess whether a conflict exists under the equal treatment claim." *Id.* at 5-6. The Court thus has no license to accept Fresno State's invitation to disregard the Ninth Circuit's mandate. *United States v. Thrasher*, 483 F.3d 977, 981-82 (9th Cir. 2007).

Fresno State advances no argument why the reasoning underlying the Ninth Circuit's holding that Plaintiffs are adequate class representatives as to the Effective Accommodation Class would not also apply to the Equal Treatment Class. Fresno State muses that Plaintiffs should have amended their Complaint. But this ignores that the Complaint already includes allegations regarding the unequal treatment of all female student-athletes at Fresno State, *e.g.* SAC ¶ 205, seeks equitable

Case No. 1:21-cv-00179-KJM-BAM        6
REPLY ISO RENEWED MOTION FOR CLASS CERTIFICATION

relief on behalf of all "female students" in Fresno State's varsity intercollegiate athletics program, not just as to the lacrosse team, but as to "any other women's varsity intercollegiate athletic opportunities at Fresno State." *Id.* at 46, Prayer for Relief (subsection (C)).

Fresno State next claims that the class representatives "cannot adequately advocate for class members on teams of which they have absolutely no knowledge." Opp'n at 16. This echoes Fresno State's repeated suggestion that the class representatives themselves are required to know all facts relevant to the litigation. *See, e.g.*, Opp'n at 5, 11-12 (expecting class representatives to identify class members by name); 14-15 (expecting class representatives to testify to the treatment of all student-athletes, not just now, but in the future). That is not the law. *In re Live Concert Antitrust Litig.*, 247 F.R.D. 98, 118 (C.D. Cal. 2007); *Cohen*, 16 F.4th at 945-51 (collecting cases). Class representatives need only be familiar with the "basic" elements of the claim, "not be intimately familiar with every factual and legal issue in the case . . . ." *Gamino v. Kpc Healthcare Holdings, Inc.*, No. 5:20-cv-01126-SB-SHK, 2022 U.S. Dist. LEXIS 66311, at *6 (C.D. Cal. Apr. 5, 2022) (collecting cases); *In re Northrop Grumman Corp. Erisa Litig.*, No. CV 06-06213 MMM (JCx), 2011 U.S. Dist. LEXIS 94451, at *55-61 (C.D. Cal. Mar. 29, 2011) (same). There should be no dispute the class representatives satisfy this standard.

### B.     Class counsel will adequately represent the Classes.

Fresno State's attacks on class counsel are particularly unwarranted and ill-founded. Arthur Bryant is one of the nation's foremost Title IX litigators and has represented more female (and male) student-athletes successfully in Title IX litigation than any lawyer in America. Declaration of Arthur Bryant, dated March 13, 2023 ("Bryant Decl.") ¶ 2. Fresno State fails to cite a single case where he has been found inadequate.  Through 45 years, he never has been, but he has been honored for his public interest and Title IX advocacy nationwide. Mot. at 12-13. Fresno State's speculative *ad hominem* attacks improperly ask the Court to draw inferences against class counsel while presenting no evidence of any actual conflict that could defeat adequacy.

Class counsel's zealous advocacy in this litigation has more than demonstrated their adequacy. Four times, class counsel briefed challenges to the pleadings. ECF Nos. 46, 68, 125, 154. Four times, class counsel briefed class certification. ECF Nos. 88, 84, 117, 165. To protect the

Classes' interests, class counsel pursued a motion for preliminary injunction, ECF No. 2, and successfully pursued a Rule 23(f) appeal to the Ninth Circuit. *See* ECF No. 139. After filing numerous challenges to the pleadings, repeatedly opposing certification on baseless grounds, and doing all it can to stay and limit discovery, *see* ECF No. 51, Fresno State claims that it is class counsel who are "driving up costs," Opp'n at 18, and prolonging the proceedings. Opp'n at 19. The docket speaks for itself.

Fresno State repeatedly suggests that class counsel has acted unethically. As set forth in the Declaration of David Parker ("Parker Decl."), Plaintiffs' retained ethics expert, none of the issues Fresno State identifies constitutes an actual conflict or ethical issue that could defeat adequacy. Fresno State first complains that, by seeking to certify a lacrosse-only class, ECF No. 117, class counsel somehow created a conflict. This ignores three points. **First**, the Court expressly granted leave for counsel to seek certification of such a class, ECF No. 107 at 18-19, and failing to do so could have compromised the Classes' interests, ECF No. 116 (motion to certify a lacrosse-only class due "no later than January 27, 2023"); *Chavez v. Huhtamaki, Inc.*, No. 2:21-cv-01073-ODW (JEMx), 2021 U.S. Dist. LEXIS 191373, at *5 (C.D. Cal. Sep. 28, 2021) (failure to timely move for certification bears on adequacy). **Second**, class counsel filed their successful appeal while seeking certification of the lacrosse-only class in order to protect the rights of all class members. *Compare* ECF No. 109 (notice of appeal filed Dec. 6, 2022) *with* ECF No. 117 (motion to certify lacrosse-only class filed January 27, 2023). **Third**, members of the lacrosse-only class would be members of the proposed Classes and there is no conflict between the two. *See* Parker Decl. ¶ 13 (pursuit of lacrosse-only class raises no conflict under Rule 1.7); Bryant Decl. ¶ 10; ECF No. 139.

Fresno State also falsely accuses class counsel of prioritizing fees over outcomes. Opp'n at 17-19. Fresno State wrongly claims that class counsel's original representation agreement allowed myriad third parties to pay their attorneys' fees. Opp'n at 18. Mr. Bryant previously submitted a declaration proving that this exact assertion, which Fresno State has failed to correct despite having the opportunity, was demonstrably false. Bryant Decl. ¶ 14 (explaining that the provision refers to costs and expenses, not fees; that third parties have no control over the case; and that no costs or expenses were paid or advanced by third parties). As Mr. Parker explains in his declaration, the

cited provisions are "not at all unusual" and raise no conflict. Parker Decl. ¶ 15. Fresno State also claims that same agreement "prohibited Anders from settling the matter without the consent of counsel and not until 'my attorneys … receive payment in accordance with this agreement.' *Id.* ¶ 11. But the agreement actually says that Plaintiff Anders will not agree to waive or settle "*my attorneys' ability to recover their costs, expenses, or fees* without their consent." *Id.* ¶ 3 (emphasis added). It does not refer to settling "the matter" without counsel's consent anywhere – in either Paragraphs 3 or 11.[6]

Fresno State next claims that the current representation agreement ensures Plaintiffs "can only enter into an agreement that is acceptable to their attorneys" because the "terms of the retainer agreement provide decision-making authority in the hands of class counsel, rather than Plaintiffs." Opp'n at 18. Not so. Fresno State quotes from a provision that applies only if Plaintiffs waive their "claim to recover some or all of my costs, expenses, or attorneys' fees." Ex. 4 ¶ 4. It does not address settling the case and does not give class counsel any decision-making authority at all. Parker Decl. ¶ 16. Instead, the representation agreement properly states that, if the case is resolved as a class action, class counsel "will seek to recover their costs, expenses, and attorneys' fees from the Defendants in amounts that will have to be approved by the court." Ex. 4 ¶ 4. And if the case is resolved individually, counsel's fee will be the greater of the attorneys' fees recovered from Defendant or 1/3 of the attorneys' fees and the damages recovered from the Defendants. *Id.* There thus is no actual conflict. Parker Decl. ¶ 16.

Fresno State then asks the Court to deny certification on the basis of an ongoing discovery dispute that has yet to be ruled on. Opp'n at 18-19 & n.9. If Fresno State truly believed such a dispute were relevant to class certification, it should have joined the issue and sought a continuance. It failed to do so and instead appears to assume, without any evidence, that Plaintiffs are not complying with all applicable professional obligations. These baseless assumptions are irrelevant because "[t]o defeat adequacy, a conflict must be 'actual' and not merely 'speculative.'" ECF No.

---

[6] Fresno State first based this attack on class counsel's adequacy on two sentences in Plaintiffs' original representation agreement with Bailey Glasser, LLP, when Mr. Bryant was a Partner there. As his declaration explained then, this attack was offensive and unjustified. To avoid any doubt, demonstrate class counsel's commitment to the Classes, and prove those sentences did not matter, the two sentences were struck from the agreement. Bryant Decl. ¶¶ 15-19.

139 at 4 (quoting *Cummings v. Connell*, 316 F.3d 886, 896 (9th Cir. 2003)); Parker Decl. ¶ 17.

Next, Fresno State cites to *Kaur v. Things Remembered, Inc.*, No. 3:10-md-02159-CRB (N.D. Cal.) and falsely claims that it stands for the proposition that Clarkson was held to be inadequate. Opp'n at 19. As set forth in the Declaration of Ryan J. Clarkson ("Clarkson Decl."), Clarkson has never been found inadequate to serve as class counsel in any case. Clarkson Decl. ¶ 12. Had Fresno State conducted basic due diligence, it would have known that Clarkson was not mentioned in the cited decision, No. 3:10-md-02159, ECF No. 61, not listed as counsel on the relevant motion papers, *id.*, ECF No. 49, and not involved in the case at all. Clarkson Decl. ¶ 5. The one attorney involved in the case cited as working for Clarkson worked at the firm only briefly and did not start at the firm until years *after* the cited decision was rendered, *id.* ¶ 6, and the only mention of that attorney on the docket of *Kaur* reflects that he was not then associated with Clarkson. ECF No. 1, Ex. A at 1. Westlaw has since corrected the error and no longer associates Clarkson with the decision. *See* Clarkson Decl. ¶ 8-9 & Ex. 2. Fresno State's baseless claims should thus be disregarded.

Finally, Fresno State also wages a non-substantive attack on Caddell & Chapman for not communicating with opposing counsel or filing briefs and for "driving up costs". Opp'n at 20. In late 2020, Mr. Bryant requested that Caddell & Chapman serve as local counsel in this matter. In that capacity, Caddell & Chapman has assisted with local procedural issues, discovery, strategy, and briefing, and always at Mr. Bryant's request. Declaration of Michael Caddell ¶ 2. Caddell & Chapman has never sought to "drive up costs" by needlessly duplicating the efforts of Mr. Bryant, who has always taken the lead in communicating with opposing counsel and filing briefs. *Id*. In addition, Fresno State does not dispute that Caddell & Chapman, which has extensive experience in litigating complex class action matters, plainly satisfies the Rule 23(g) factors. Mot. at 13. Accordingly, class counsel are adequate.

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their renewed motion, ECF No. 94, certify the Classes, appoint the proposed class representatives, and appoint Clarkson Law Firm, P.C., and Caddell & Chapman as class counsel.

| | |
|---|---|
| Dated: December 10, 2024 | Respectfully Submitted, |
| | /s/ Arthur H. Bryant |
| | Arthur H. Bryant (SBN 208365) |
| | Neda Saghafi (SBN 344633) |
| | **CLARKSON LAW FIRM, P.C.** |
| | 22525 Pacific Coast Hwy |
| | Malibu, CA 90265 |
| | Tel.: (213) 788-4050 |
| | Fax: (213) 788-4070 |
| | abryant@clarksonlawfirm.com |
| | nsaghafi@clarksonlawfirm.com |
| | |
| | Carey Alexander (SBN 5188461) |
| | **CLARKSON LAW FIRM, P.C.** |
| | 590 Madison Ave., 21st Floor |
| | New York, NY 10022 |
| | Tel: (646) 290-6009 |
| | Fax: (213) 788-4070 |
| | calexander@clarksonlawfirm.com |
| | |
| | Michael A. Caddell (SBN 249469) |
| | Cynthia B. Chapman (SBN 164471) |
| | Amy E. Tabor (SBN 297660) |
| | **CADDELL & CHAPMAN** |
| | P.O. Box 1311 |
| | Monterey, CA 93942 |
| | Tel.: (713) 751-0400 |
| | Fax: (713) 751-0906 |
| | mac@caddellchapman.com |
| | cbc@caddellchapman.com |
| | aet@caddellchapman.com |
| | |
| | *Attorneys for Plaintiffs* |