# Clarkson

December 19, 2024

**VIA CM/ECF**
The Honorable Barbara A. McAuliffe
Robert E. Coyle United States Courthouse
2500 Tulare Street, Courtroom 8, 6th Floor
Fresno, CA 93721

      Re:    *Anders et al. v. Cal. State Univ., Fresno et al*, No. 1:21-cv-00179-KJM-BAM

Dear Judge McAuliffe:

      Pursuant to the Court's Order dated December 9, 2024, ECF No. 168, Plaintiffs respectfully submit this letter in opposition to Defendants' request for the fee-sharing agreement among Plaintiffs' counsel (the "Agreement"). For the reasons that follow, Defendants' request should be denied.

      This dispute arises following the transition of Arthur Bryant from Bailey Glasser, LLP ("BG"), to Clarkson Law Firm, P.C. ("Clarkson"), in August 2024.[1] Following the transition, Plaintiffs duly supplemented their production of Plaintiffs' newly-executed representation agreements with Clarkson. Following this supplementation, Defendants, by email, requested that Plaintiffs also produce the fee-sharing agreement among Plaintiffs' counsel. Plaintiffs have refused to do so on the basis that the Agreement is not responsive to any document request and Defendants have failed to identify the relevance of the Agreement by reference to any non-speculative conflict.

      It is undisputed that none of Defendants' requests for production call for production of the Agreement. This alone justifies denial of Defendants' request. *Harris v. Valencia*, No. 2: 19-cv-1751 JAM KJN P, 2021 U.S. Dist. LEXIS 149394, at *3 (E.D. Cal. Aug. 4, 2021) (denying motion to compel as premature where no document request served); *Grabek v. Dickinson*, No. CIV S-10-2892 GGH P, 2012 U.S. Dist. LEXIS 4449, at *3 (E.D. Cal. Jan. 13, 2012) ("The court cannot compel defendants to provide [documents] if plaintiff never made any appropriate request for it.").

      Recognizing this deficiency, Defendants claim the Agreement is "incorporated by reference" into Plaintiffs' representation agreements. But it is not. That fact alone should resolve this dispute.

      Moreover, even if the representation agreements did somehow incorporate the Agreement by reference, that would still not make it discoverable under Rule 26(b)(1) because the "weight of the case law holds that fee arrangements are irrelevant at this stage of the proceeding…." *Mitchell-Tracey v. United Gen. Title Ins. Co.*, No. AMD-05-1428, 2006 U.S. Dist. LEXIS 1308, at *8 (D. Md. Jan. 9, 2006) (collecting cases); *Piazza v. First Am. Title Ins. Co.*, No. 3:06CV765(AWT), 2007 U.S. Dist. LEXIS 89319, *3 (D. Conn Dec. 5, 2007) (same). The Manual for Complex Litigation characterizes production of fee agreements as "rarely appropriate" until a fee is actually sought. MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.141 (2004); *Mitchell-Tracey*, 2006 U.S. Dist. LEXIS 1308, at *8 ("[T]he appropriate time for inquiry into fee arrangements is after judgment under [Fed. R. Civ. P.] 69….").

---

[1] The Court previously held an Informal Discovery Conference ("IDC") on the issue of Plaintiffs' representation agreements with BG, which it determined were relevant to adequacy. ECF No. 131. The Court decided to conduct an *in camera* review to assess privilege, *id.*, after which Plaintiffs provided Defendants with an unredacted copy of the representation agreement. ECF No. 134.

  Accordingly, Defendants bear the burden to establish "with particularity, how the agreement would demonstrate a conflict of interest or other prima facie challenge (such as when named plaintiffs do not have the funds to sustain the litigation)." *Cohen v. Allegiance Adm'rs, LLC*, 2022 U.S. Dist. LEXIS 19414, *14-15 (S.D. Ohio Feb. 3, 2022) (citing *In re Riddell*, No. 13-7585 (JBS/JS), 2016 U.S. Dist. LEXIS 193654, at *3 (D.N.J. Jan. 19, 2016); *Stanich v. Travelers Indem. Co.*, 259 F.R.D. 294, 322 (N.D. Ohio Jan. 26, 2009) (denying request for fee agreement where Defendant "is not challenging the ability of the named plaintiffs or class counsel to finance this litigation"). Defendants have failed to provide any particularized showing as to the relevance of the Agreement in this case. Defendants have not offered *any* non-speculative reason as to why the Agreement bears on adequacy.[2] This is further demonstrated by the Declaration of David Parker, Plaintiffs' retained ethics expert, who opined that "[i]t is perplexing why the terms of a fee sharing agreement would be relevant to class certification" because, among other reasons, the "client is not a party to the agreement." ECF No. 169-6 ¶ 17. Defendants have thus failed to meet their burden to demonstrate the relevance of the Agreement. They are engaged in a fishing expedition, plain and simple.

  Defendants' request is also not proportional to the needs of the case because the importance of the Agreement is "minimal," as demonstrated by Defendants' choosing to oppose certification without the Agreement despite having time to serve a proper request and join this dispute. *In re Front Loading Washing Mach. Class Action Litig.*, No. 08-51 (FSH) (MAS), 2010 U.S. Dist. LEXIS 77440, at *10-12 (D.N.J. July 29, 2010). Instead, Defendants seem to seek a ruling that *all* co-counsel fee-sharing agreements are discoverable in *all* class actions because they might *possibly* be relevant to adequacy of representation. That is not the law.

  Finally, production of the Agreement is inappropriate because the Court can, as an alternative, request *in camera* review to confirm the Agreement's irrelevance. *GoTV Streaming, LLC v. Netflix, Inc.*, No. 2:22-cv-07556-RGK-SHK, 2023 U.S. Dist. LEXIS 91168, at *34-35 (C.D. Cal. May 24, 2023) (documents were reviewed *in camera* and were not ordered to be produced as production "would require this Court to ignore the controlling limits under Rule 26"); *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 781 (6th Cir. 1996) ("[T]he district court, given the questionable relevance of the fee arrangements, did not abuse its discretion in requiring only *in camera* disclosure of the agreements." (emphasis in original)).

  Accordingly, the Court should deny Defendants' request.

CLARKSON LAW FIRM, P.C.

*/s/ Arthur H. Bryant*
Arthur H. Bryant

---

[2] *See e.g.*, *Fort Worth Emples. Ret. Fund v. J.P. Morgan Chase & Co.*, No. 09 Civ. 3701 (JPO) (JCF), 2013 U.S. Dist. LEXIS 65056, at *8 (S.D.N.Y. May 7, 2013) (denying request for fee agreement where argument was speculative); *Flodin v. Cent. Garden & Pet Co.*, No. 21-cv-01631-JST (DMR) 2024 U.S. Dist. LEXIS 146799, at *2 (N.D. Cal. Aug. 16, 2024) (defendants must "substantiate the existence of a conflict, beyond mere speculation"); *Larsen v. Coldwell Banker Real Estate Corp.*, No. SACV 10-00401-AG (MLGx), 2011 U.S. Dist. LEXIS 160796 at *9 (C.D. Cal. Oct. 4, 2011) (denying request where defendant failed to provide any evidence of a "suspect relationship or conflict" for the relevancy analysis); *Nugent v. Secretlab US, Inc.*, No. 22-cv-08944-RFL (PHK), 2024 U.S. Dist. LEXIS 175988, at *17 (N.D. Cal. Sept. 27, 2024) ("hypothetical risk" does not justify "broad proposition that the fee arrangements between named plaintiffs and plaintiffs' counsel should be discoverable without any reason to think there is a potential conflict" (internal quotations omitted).