Scott R. Eldridge (Michigan Bar No. P66452)
Brian M. Schwartz (Michigan Bar No. P69018)
Erika L. Giroux (Michigan Bar No. P81998)
Ashley N. Higginson (Michigan Bar No. P83992)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Tel: (313) 963-6420
eldridge@millercanfield.com
schwartzb@millercanfield.com
giroux@millercanfield.com
higginson@millercanfield.com
*Attorneys for Defendants*

ROB BONTA, SBN 202668
Attorney General of California
JODI L. CLEESATTLE, SBN 230537
Supervising Deputy Attorney General
JENNIFER L. SANTA MARIA, SBN 225875
Deputy Attorney General
600 West Broadway, Suite 1800
San Diego, CA 92101
P.O. Box 85266
San Diego, CA 92186-5266
Telephone: (619) 738-9099
Fax: (619) 645-2012
E-mail: Jennifer.SantaMaria@doj.ca.gov
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| TAYLOR ANDERS, HENNESSEY EVANS, ABBIGAYLE ROBERTS, MEGAN WALAITIS, TARA WEIR, and COURTNEY WALBURGER, individually and on behalf of all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA STATE UNIVERSITY, FRESNO, and BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY,<br><br>Defendants, | Case No. 1:21-cv-00179-KJM-BAM<br><br>**DEFENDANTS' INFORMAL DISCOVERY DISPUTE CONFERENCE SYNOPSIS**<br><br>Hon. Kimberly J. Mueller, U.S.D.J.<br>Hon. Barbara A. McAuliffe, U.S.M.J.<br><br>Conference Date: December 23, 2024<br>Conference Time: 9:30 a.m. via Zoom |

In March of 2023, the parties engaged in an informal conference with Judge McAuliffe concerning Defendants' request for "a copy of any engagement or retainer agreement(s) with the law firm of Bailey Glasser, LLP and/or Caddell & Chapman related to this lawsuit." The Court held, "the representation agreement is relevant to the issue of adequacy of the class representative and class certification." (ECF No. 131). Plaintiffs later withdrew their privilege objection, producing engagement agreements with the Bailey Glasser only. (*See* ECF No. 134). On November 8, 2024, attorneys moved to Clarkson Law Firm and produced new retainer agreements, but again did not provide Caddell agreements. On October 22, 2024, Plaintiffs moved for class certification, proposing the Clarkson and Caddell firms as class counsel. (ECF No. 165). Defendants again requested Plaintiffs' retainer agreement or fee sharing agreements with Caddell; Plaintiffs refused on the basis of relevancy.[1]

Plaintiffs are making a distinction without a difference between retainer agreements and fee sharing agreements. Fed. R. Civ. P. 23(g) states that a Court that certifies a class must consider, without limitation, the work class counsel has done, resources committed to the class, and may consider all matters pertinent to counsel's ability to adequately represent the class. Defendants have raised adequacy concerns due to their observation of Caddell's minimal (if any) work in this lawsuit over the course of three years, and as such, understanding of Caddell's contractual responsibilities, if any, to the class they seek to represent is relevant. (ECF No. 167) See *Mark v. Spencer*, 166 Cal. App. 4th 219, 228-229 (2008) (Fee-sharing agreement must "bear some relationship to the services rendered."); *Epstein v. Am. Rsrv. Corp.,* 1985 WL 2598, at *3 (N.D. Ill. Sept. 18, 1985)("[F]ee arrangements are relevant to the ability of named plaintiffs to protect the interest of potential class members and hence are a proper subject for discovery."); *Porter v. Nationscredit Consumer Disc. Co.,* 2004 WL 1753255, at *2 (E.D. Pa. July 8, 2004); *Dixon v. Jefferson Cap. Sys., LLC*, 2020 WL 9607902, at *2 (S.D. Ind. Nov. 23, 2020); *Klein v. Henry S. Miller Residential Servs., Inc.,* 82 F.R.D. 6, 8–9 (N.D. Tex. 1978) (Holding court's "responsibility [under Rule 23] extends to making an early inquiry into these matters so that if the Plaintiffs are clearly inadequate representatives or

---

[1] At a minimum, Defendants seek the right to be able to review the documents Plaintiffs have unilaterally deemed irrelevant (despite acknowledging they are not subject to any privilege).

their attorneys are inadequate, that determination can be made as quickly as possible," and "[T]he Court has authority under Rule 23, authority that is distinct from that under the rules of discovery, to protect the interests of the class and to order discovery.").[2]

Further, the Clarkson agreements produced state that in the event Clarkson entered into a fee sharing agreement with another law firm Clarkson would "disclose to [Plaintiff] in writing who those counsel are and the terms of the fee division." Any Caddell agreement is incorporated into the Clarkson retainer by reference. *In re Holl*, 925 F.3d 1076, 1084 (9th Cir. 2019). California Rule of Professional Conduct 1.5.1(a) also states lawyers shall not divide a fee unless the client has consented in writing. The purpose of this rule is to protect individuals "from their attorneys' potential conflicts of interest created by fee-sharing agreements. Such agreements have the potential to motivate an attorney to charge excessive fees or to make tactical decisions unfavorable to the client's interests." *Barnes, Crosby, Fitzgerald & Zeman, LLP v. Ringler*, 212 Cal. App. 4th 172, 180 (2012). This necessary consent again incorporates the Caddell agreement *into* the retainer already produced.

Caddell's refusal to provide understanding of the nature of their engagement with Plaintiffs creates significant concern on the issue of adequacy, professionalism, and potential conflicts. Fresno State requests that the Court order any Caddell engagement documents and any fee sharing agreements be produced in their entirety and further request the opportunity to file a supplemental brief on the issue of adequacy in opposition to Plaintiff's motion for class certification (ECF No. 167) to the extent required.

Respectfully Submitted:

By: */s/ Scott R. Eldridge*
    Scott R. Eldridge (P66452)
    eldridge@millercanfield.com
December 19, 2024    *Attorneys for Defendants*

---

[2] Rule 23(e)(2)(C)(iii) and (e)(3) also require this Court to review fee-sharing agreements prior to entering a potential settlement of this matter in the future, meaning they likely must be reviewed at some point. Defendants are entitled to review them now, prior to the Court's critical decision of whether or not Plaintiffs' counsel satisfies Rule 23.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2024, I electronically filed this document in accordance with the Court's December 9, 2024 Minute Order (ECF No. 168).

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

*/s/ Scott R. Eldridge*
Scott R. Eldridge (P66452)
Attorneys for Defendants
One Michigan Avenue, Suite 900
Lansing, MI 48933
(517) 483-4918
eldridge@millercanfield.com
