1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    Taylor Anders, et al.,                      No. 1:21-cv-00179 KJM BAM

12                    Plaintiffs,                  ORDER

13         v.

14    California State University, Fresno, et al.,

15                    Defendants.

16

17         Plaintiffs bring a putative class action lawsuit against defendants, including Fresno State,

18    alleging Fresno State violated Title IX by not effectively accommodating female varsity athletes

19    and by not giving them equal treatment.  They seek an injunction that requires Fresno State to

20    abide by Title IX.  Two motions are pending before the court.  Fresno State moves to dismiss on

21    grounds of mootness, while plaintiffs renew their motion for class certification.  As described

22    more fully below, the court **denies** Fresno State's motion to dismiss and **grants** plaintiffs' motion

23    for class certification.

24    **I.     BACKGROUND**

25         Fresno State decided to eliminate men's wrestling, men's tennis, and women's lacrosse at

26    the end of the 2020–2021 academic year.  Mem. of Law in Supp. of Pls.' Mot Prelim. Inj. at 6,

27    ECF No. 2-1.  On December 2, 2020, Taylor Anders, a female lacrosse player, signed a

28    representation agreement with Bailey & Glasser, LLP, to represent her in a potential lawsuit

1

1   against Fresno State under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681–

2   1689 (Title IX).  Defs.' Unopposed Mot. for Leave to Supp. Sur-Reply in Opp'n to Pls.' Mot for

3   Cert. of Lacrosse-Only Classes Ex. 1 (Bailey & Glasser Agreement), ECF No. 133-1.  The

4   agreement allowed third parties to advance costs and expenses but did not allow third parties

5   control over the litigation.  *See id.*

6        On February 21, 2021, members of Fresno State's women's lacrosse team, including

7   Anders, filed the original complaint in this action against Fresno State alleging violations of Title

8   IX.  Compl., ECF No. 1.  Arthur Bryant of Bailey & Glasser and Michael Caddell and Cynthia

9   Chapman of Caddell & Chapman filed the complaint on plaintiffs' behalf.  *See id.*  These three

10  lawyers also appear as signatories on other filings in this action.

11       The complaint alleged Fresno State failed to provide female students effective

12  accommodation by not allowing them an opportunity to equally participate in varsity athletics,

13  failing to provide female athletes with an equal allocation of financial aid and failing to provide

14  female athletes with the same benefits given to male athletes.  *See generally* Compl.  Plaintiffs

15  also moved for a preliminary injunction, asking the district court to stay the elimination of the

16  women's lacrosse team and treat the women's lacrosse team equally with other teams for the

17  academic year 2020–2021.  *See generally* Mem. of Law in Supp. of Pls.' Mot. Prelim. Inj.  The

18  judge previously assigned to the case granted that motion in part and denied it in part.  *See* Order

19  (Apr. 21, 2021), ECF No. 35.  Specifically, the judge did not block Fresno State from eliminating

20  the women's lacrosse team but did impose a preliminary injunction mandating Fresno State treat

21  the women's lacrosse team equally for the remainder of the 2020–2021 academic year.  *See id.* at

22  34.

23       On May 2, 2021, the plaintiffs filed a first amended complaint, adding Courtney

24  Walburger, a women's lacrosse team player and student at Fresno State, as a named plaintiff.  *See*

25  ECF No. 36.  Fresno State moved to dismiss.  ECF No. 42.  The assigned judge denied the motion

26  as to plaintiffs' effective accommodation claim and equal treatment claim but dismissed

27  plaintiffs' financial aid claim without prejudice.  *See* Order (July 22, 2021), ECF No. 57.

28  Plaintiffs filed a second amended complaint—the now operative complaint—on August 12, 2021.

1   *See* ECF No. 59.  Fresno State once again moved to dismiss, and the judge dismissed plaintiffs'

2   financial aid claim, this time with prejudice.  *See* Order (Oct. 29, 2021) ECF No. 73.  Plaintiffs'

3   effective accommodation and equal treatment claims remain.

4          On December 17, 2021, the assigned magistrate judge issued a preliminary scheduling

5   order that mandated plaintiffs submit their motion for class certification by February 4, 2022.

6   Order at 2, ECF No. 83.  Plaintiffs filed an unopposed motion to continue the deadline until

7   February 25, 2022.  ECF No. 86.  The magistrate judge granted the motion.  *See* Order (Jan. 27,

8   2022), ECF No. 87.  The plaintiffs filed their motion for class certification on February 25, 2022,

9   which Fresno State opposed.  Pls.' First Mot. for Class Cert., ECF No. 88; Defs.' Response Pls.'

10  First Mot. for Class Cert., ECF No. 89.

11         In its order on class certification, the court examined the scope of plaintiffs' proposed

12  class at length and ultimately defined two classes for plaintiffs, crafting the definition on its own

13  without adopting the plaintiffs' proposed language:

14              As to the equal treatment claim, the Court will define the class as
15              current and future female Fresno State students who: (i) participate
16              or have participated in women's varsity intercollegiate athletics at
17              Fresno State; and/or (ii) are able and ready to participate in women's
18              varsity intercollegiate athletics at Fresno State but have been deterred
19              from doing so by the treatment received by female varsity
20              intercollegiate student-athletes at Fresno State.  And as to the
21              effective accommodation claim, the Court will define the class as
22              current and future female Fresno State students who: (i) have lost
23              membership on a women's varsity intercollegiate athletics team at
24              Fresno State; (ii) have sought but not achieved membership on a
25              women's varsity intercollegiate athletics team at Fresno State; and/or
26              (iii) are able and ready to seek membership on a women's varsity
27              intercollegiate athletics team at Fresno State but have not done so
28              due to a perceived lack of opportunity.

29  Order (Aug. 16, 2022) at 10, ECF No. 93.  Using these class definitions, the court found plaintiffs

30  had met the numerosity, commonality and typicality requirements of Rule 23(a).  *See id.* at 10–

31  17.  But the court denied class certification without prejudice, ruling plaintiffs had not established

32  the proposed named representatives, Anders and Walburger, were "adequate" because "there are

33  discernible conflicts—reflected in the filings—between the interests of the proposed class

1  representatives as former members of the women's varsity lacrosse team and other members of

2  Fresno State's female student population who are not represented in this action as currently

3  configured." *Id.* at 20.

4        On August 30, 2022, plaintiffs filed a new motion for class certification, ECF No. 94,

5  which the court construed as a motion for reconsideration and denied without prejudice. *See*

6  Order (Nov. 22, 2022), ECF No. 107. In its denial, the court allowed plaintiffs to seek a class or

7  subclass specific to women's lacrosse in a future motion for class certification. *See id.* at 18–19.

8  On December 6, 2022, plaintiffs filed a Rule 23(f) petition with the Ninth Circuit Court of

9  Appeals, challenging the district court's denial of class certification. *See* ECF No. 109. While

10  the petition was pending, plaintiffs filed another motion for class certification in the district court

11  in January 2023. *See* ECF No. 117. Fresno State in March 2023 filed a motion to dismiss

12  plaintiffs' equal treatment claim for lack of standing. ECF No. 121. On April 25, 2023, the

13  district court stayed the case pending the outcome of the appeal, after the Ninth Circuit accepted

14  the 23(f) petition. *See* ECF No. 136. In the meantime, plaintiffs were departing Fresno State.

15  Walburger had graduated in December 2022, while Anders finished at Fresno State after the

16  spring semester of 2023. *See* Pls.' Opp'n Mot. Dismiss (Opp'n) at 7, ECF No. 154. Upon the

17  retirement of the original presiding judge, the case was reassigned to a new district judge. *See*

18  Order (May 3, 2023), ECF No. 137.

19        The Ninth Circuit issued a memorandum disposition on January 17, 2024, vacating the

20  district court's denial of class certification, concluding the district court abused its discretion in

21  denying class certification on both plaintiffs' effective accommodation claim and their individual

22  treatment claim. *See Anders v. Cal. State Univ., Fresno*, No: 23-15265, 2024 WL 177332, at *2–

23  3, (9th Cir. Jan. 17, 2024). The Circuit held the conflict between the named plaintiffs and the rest

24  of the class with respect to the effective accommodation claim was speculative and the district

25  court had not independently analyzed the equal treatment claim. *See id.* The Ninth Circuit

26  remanded for the district court to consider whether a conflict may actually exist under the equal

27  treatment claim between women's lacrosse players and the remainder of the class and to rule on

28  /////

1    the "propriety of the class definitions presented, the adequacy of class counsel, and whether

2    plaintiffs satisfy Rule 23(b)(2)." *Id.* at *2.

3        In the summer of 2024, attorney Arthur Bryant changed law firms from Bailey & Glasser

4    to the Clarkson Law Firm, *see* Notice of Change of Address, ECF No. 153, and Anders signed an

5    agreement with Clarkson to represent her.  Defs.' Ex. 4 (Clarkson Representation Agreement),

6    ECF No. 167-5.  Anders agreed to a fee waiver, but there is an exception: if she independently

7    settles with Fresno State, Anders must pay attorneys' fees and costs.  *See id.*  The agreement also

8    contains a provision that allows Clarkson to split fees with other attorneys.  *See id.*

9        Fresno State moves to dismiss this action, now arguing that because all the named

10   plaintiffs have graduated from Fresno State, their claims have become moot.  *See* Mot. Dismiss

11   on Grounds of Mootness (Defs.' Mot.), ECF No. 151.  The motion is fully briefed.  *See* Opp'n,

12   ECF No. 154; Defs.' Reply, ECF No. 159.  Plaintiffs have filed a renewed motion for class

13   certification, using the class definitions the district court crafted in its earlier denial of class

14   certification.  *See* Pls.' Mem. P. & A. in Support of Renewed Mot. Class Cert. (Mem.) at 4, ECF

15   No. 165-1.  Plaintiffs seek to name Anders and Walburger as class representatives and Clarkson

16   Law Firm and Caddell & Chapman as class counsel.  *See id.*  Plaintiffs no longer seek a lacrosse-

17   only class.  *See* Joint Status Rep. at 2, ECF No. 142.  The issue is fully briefed.  Response, ECF

18   No. 167; Pls.' Reply, ECF No. 169.

19       This action was reassigned to the undersigned on October 11, 2024.  *See* Order, ECF No.

20   162.  The court ordered Fresno State's motion to dismiss be submitted without oral argument.

21   Min. Order (Jan. 7, 2025), ECF No. 176.  The court heard oral argument on plaintiffs' renewed

22   motion for class certification on January 23, 2025.  Arthur Bryant and Carey Alexander appeared

23   for plaintiffs.  Mins. Mot. Hr'g (Jan. 23, 2025), ECF No. 177.  Scott Eldridge appeared for Fresno

24   State.  *Id.*

25   **II.    FRESNO STATE'S MOTION TO DISMISS**

26       Fresno State argues the court should dismiss plaintiffs' operative complaint as moot

27   because plaintiffs all have graduated from Fresno State.  *See generally* Defs.' Mot.  The court

28   declines to dismiss on grounds of mootness.

1      Article III of the Constitution limits this court's jurisdiction to live "Cases" or

2  "Controversies." *See* U.S. Const. art. III § 2 cl. 1.  The controversy must remain live at all stages

3  of the litigation. *See United States v. Sanchez-Gomez*, 138 S. Ct. 1532,  1537 (2018). However,

4  "[i]n the class action context, a 'controversy may exist . . . between a named defendant and a

5  member of the class represented by the named plaintiff, even though the claim of the named

6  plaintiff has become moot.'" *Belgau v. Inslee*, 975 F.3d 940, 949 (9th Cir. 2020) (quoting *Sosna*

7  *v. Iowa*, 419 U.S. 393, 402 (1975)).  Named plaintiffs can, for example, continue to litigate a

8  denial of class certification on appeal even after their individual claims became moot. *See U.S.*

9  *Parole Comm'n v. Geraghty*, 445 U.S. 388, 404 (1980).

10      One well-established application of this principle is when an injury is so inherently

11  transitory it is "capable of repetition yet evading review." *See, e.g., Gerstein v. Pugh*, 420 U.S.

12  103, 110 n.11 (1975).  Courts apply this inherently transitory principle even when claims of the

13  named plaintiffs become moot before a court has decided to grant class certification. *See Pitts v.*

14  *Terrible Herbst, Inc.*, 653 F.3d 1081, 1090 (9th Cir. 2011).  Courts allow these claims to go

15  forward if "(1) the duration of the challenged action is too short to allow full litigation" before the

16  named plaintiffs' individual claims become moot and "(2) there is a reasonable expectation that

17  the named plaintiffs could themselves suffer repeated harm or it is certain that other persons

18  similarly situated will have the same complaint." *Belgau*, 975 F.3d at 949 (citing *Johnson v.*

19  *Rancho Santiago Cmty. Coll. Dist.*, 623 F.3d 1011, 1019 (9th Cir. 2010)).  Under the inherently

20  transitory principle, named plaintiffs are party to a live controversy even though their individual

21  case is moot, because they retain a "private attorney general" interest in the litigation. *See*

22  *Geraghty*, 445 U.S. at 403–04.  In these circumstances, the district court adopts a doctrine of

23  relation back to the original filing of the complaint to "preserve the merits of the case for judicial

24  resolution." *County of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991) (citations omitted).

25      The parties agree that, as it pertains to equitable relief, Anders and Walburger's individual

26  claims are now moot. *See*. Defs.' Mot. at 13–15; Opp'n at 15–17.  The parties agree, further, that

27  the plaintiffs did not file a motion for class certification until after the named plaintiffs' individual

28  effective accommodation claims became moot.  Defs.' Mot. at 15; Opp'n at 17–30.  Further,

1    Anders and Walburger retained live individual injuries in the equal treatment claim until after

2    plaintiffs filed a motion for class certification in February 2022.  *See* Opp'n at 30–32.

3        The court finds the inherently transitory principle applies to the effective accommodation

4    claim.  Plaintiffs filed their initial complaint in February 2021.  *See* Compl.  The individual

5    claims of the named plaintiffs expired four months after the filing of the complaint when Fresno

6    State eliminated the women's lacrosse team.  *See* Defs.' Mot. at 14.  Under this timeline, it would

7    have been difficult if not impossible for a district court to have ruled on a motion for class

8    certification let alone to allow full litigation to have proceeded before the named plaintiffs' claims

9    became moot.  *See Belgau*, 975 F.3d at 1090.  Even if the timeline were slightly longer, it would

10   not be enough to encompass the span of time necessary for this complex litigation, which, as

11   plaintiffs point out, has already involved a motion to dismiss, several motions for class

12   certification, and an appeal to the Ninth Circuit.  Opp'n at 6.  The case is now almost four years

13   old, and it has been almost three years since plaintiffs filed for class certification yet, as plaintiffs

14   rightfully point out, the case is still in its relative "infancy."  *Id.*

15       If the court were to dismiss on mootness grounds here, Fresno State would be allowed to

16   continue to harm similarly situated female athletes by eliminating teams or subjecting them to

17   unlawful treatment without facing any possibility of consequences.  Recent decisions by district

18   courts in the Ninth Circuit relating to class actions brought by student athletes adopt this view.

19   *See Fisk v. Bd. of Trs. of the Cal. State Univ.*, No. 22-cv-173, 2023 WL 6051381, at *12 (S.D.

20   Cal. Sept. 15, 2023) ("[G]iven the finite duration of a college student's time as a student-

21   athlete . . . and the pace of this litigation thus far, the Court finds that the inherently transitory

22   exception applies to this putative class action."); *A.B. by C.B. v. Haw. State Dep't of Educ.*, 334

23   F.R.D. 600, 605 (D. Haw. 2019), *rev'd and remanded on other grounds*, 30 F.4th 828 (9th Cir.

24   2022) ("Given the necessarily finite duration of a high school student's time as a student-athlete,

25   and the potential for repetition of the claims from similarly situated students . . . these claims are

26   inherently transitory."); *In re NCAA Athletic Grant-in-Aid Cap. Antitrust Litig.*, 311 F.R.D. 532,

27   539 (N.D. Cal. 2015) (finding inherently transitory principle applies to case brought by student

28   /////

1    athletes).  In sum, the effective accommodation claims alleged by the plaintiffs in this case are

2    capable of repetition yet evading review.  *See, e.g., Gerstein*, 420 U.S. at 110 n.11.

3          The court finds plaintiffs' equal treatment claim is not moot for similar reasons.  Because

4    Walburger and Anders' individual claims were not moot when plaintiffs filed their motion for

5    class certification, as a matter of law, they retain an interest in appealing the initial denial of

6    certification and having the court decide the issue.  *See Geraghty*, 445 U.S. at 404.  Further, the

7    inherently transitory principle applies to plaintiffs' equal treatment claim as well as this claim

8    became moot less than two and a half years after the filing of this litigation, while it has taken the

9    court nearly three years to resolve plaintiffs' class certification motion.  *See Belgau*, 975 F.3d at

10   1090.

11         Fresno State argues first that plaintiffs incorrectly rely on *Belgau*'s holding that the

12   inherently transitory principle applies when litigation cannot conceivably be completed in the

13   time before named plaintiffs' claims become moot.  Defs.' Reply at 9–10.  Fresno State argues

14   *Pitts* is actually the controlling law of the Circuit and provides the inherently transitory principle

15   applies when courts cannot in any way conceivably decide a class certification motion before

16   named plaintiffs' claims become moot.  *See id.*  Fresno State's argument is unconvincing, as the

17   rule in *Belgau* is the established precedent of the Ninth Circuit.  *See Johnson*, 623 F.3d at 1019

18   (inherently transitory principle applies when "the duration of the challenged action is too short to

19   allow full litigation before it ceases"); *Biodiversity Legal Found. v. Badgley*, 309 F.3d 1166, 1173

20   (9th Cir. 2002) (inherently transitory principle applies when "the duration of the challenged

21   action is too short to allow full litigation before it ceases") (quoting *Greenpeace Action v.*

22   *Franklin*, 14 F.3d 1324, 1329 (9th Cir. 1993)).  *Pitts* is the outlier. .  Even if Fresno State's

23   argument were valid, plaintiffs would still prevail, as the named plaintiffs' individual claims

24   became moot well before the period it has taken this court to come close to resolving the motion

25   for class certification.  The court could not have decided this motion earlier; the court denied

26   plaintiffs' motion for class certification multiple times, and plaintiffs appealed to the Ninth

27   Circuit, all taking time.  *See generally* Background.

28   /////

1    Fresno State also argues plaintiffs failed to file a timely motion for class certification.

2    Defs.' Mot. at 11–12; Defs.' Reply at 6.  This argument also fails.  Timeliness is ultimately

3    determined by courts' local rules and their scheduling orders.  *See Pitts*, 653 F.3d at 1093.  Under

4    Federal Rule of Civil Procedure Rule 23(c)(1)(A), it is the court—not the plaintiffs— that has a

5    responsibility to determine at an early stage of the litigation "whether to certify the action as a

6    class action."  Further, under the local rules of this district—both at the time this action was filed

7    and now—plaintiffs must file a motion for class certification "[w]ithin such time as the Court

8    may direct pursuant to [an] order issued under Fed. R. Civ. P. 16(d)."  E.D. Cal. L.R. 205(1).

9    Here, the magistrate judge issued a scheduling order that mandated submission of a motion for

10   class certification by February 4, 2022.  Order (Dec. 17, 2021) at 2.  The magistrate judge

11   accepted plaintiffs' unopposed motion, *see* ECF No. 86, to move the due date to February 25,

12   2022. *See* Order (Jan. 27, 2022).  Plaintiffs met the new deadline.  *See* Pls.' First Mot. for Class

13   Certification.  Plaintiffs' motion was timely.

14        For these reasons, the court finds the class claims relate back to the original date of the

15   filing of the complaint and are not moot.  *See County of Riverside*, 500 U.S. at 52.  The court

16   denies Fresno State's motion to dismiss.

17   **III.    PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

18        Plaintiffs seek to certify two classes.  For their effective accommodation claim, plaintiffs

19   seek to certify a class that includes:

20       Current and future female Fresno State students who: (i) have lost
21       membership on a women's varsity intercollegiate athletics team at
22       Fresno State; (ii) have sought but not achieved membership on a
23       women's varsity intercollegiate athletics team at Fresno State; and/or
24       (iii) are able and ready to seek membership on a women's varsity
25       intercollegiate athletics team at Fresno State but have not done so
26       due to a perceived lack of opportunity.

27   Mem. at 8.  For their equal treatment claim, plaintiffs seek to certify a class that includes:

28       Current and future female Fresno State students who: (i) participate
29       or have participated in women's varsity intercollegiate athletics at
30       Fresno State; and/or (ii) are able and ready to participate in women's
31       varsity intercollegiate athletics at Fresno State but have been deterred

1
2
> from doing so by the treatment received by female varsity intercollegiate student-athletes at Fresno State.

3    *Id.* These proposed class definitions are identical to the classes proposed by the court in its order

4    denying plaintiffs' first motion for class certification. *See* Order (Aug. 16, 2022), at 10. Plaintiffs

5    propose Taylor Anders and Courtney Walburger as class representatives and Clarkson Law Firm,

6    P.C., and Caddell & Chapman as class counsel. Mem. at 9. Fresno State opposes the certification

7    of both classes, arguing they are not ascertainable and fail all the requirements of Rule 23(a) and

8    23(b)(2). *See generally* Response.

9         Plaintiffs must "affirmatively demonstrate" compliance with the Federal Rules that govern

10    class certification. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). A proposed class

11    can be certified only if the court is persuaded the class meets the requirements of Rule 23(a) and

12    (b), and then only after a "rigorous analysis." *Id.* at 350–51 (quoting *Gen. Tel. Co. of Sw. v.*

13    *Falcon*, 457 U.S. 147, 161 (1982)). Rule 23(a) sets out four prerequisites for every class:

14
15
> (1) the class is so numerous that joinder of all members is impracticable;

16
> (2) there are questions of law or fact common to the class;

17
18
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

19
20
> (4) the representative parties will fairly and adequately protect the interests of the class.

21    Fed. R. Civ. P. 23(a). Rule 23(g) requires that a court consider these factors when deciding to

22    appoint class counsel:

23
24
> (1) the work counsel has done in identifying or investigating potential claims in the action;

25
26
> (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

27
> (3) counsel's knowledge of the applicable law; and

28
> (4) the resources that counsel will commit to representing the class.

29    Fed. R. Civ. P. 23(g). Rule 23(b), in turn, defines three types of classes the court may certify.

1    Plaintiffs propose a class under Rule 23(b)(2).  *See* Mem. at 19–21.  The proponent of Rule

2    23(b)(2) must show "the party opposing the class has acted or refused to act on grounds that apply

3    generally to the class, so that final injunctive relief or corresponding declaratory relief is

4    appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).

5              **A.      Numerosity, Commonality, Typicality**

6            This court previously found, using the same class definitions plaintiffs advance in this

7    renewed motion, that plaintiffs have established the numerosity, commonality, and typicality

8    requirements for both the effective accommodation class and the equal treatment class.  *See* Order

9    (Aug. 16, 2022), at 10–17.  At oral argument, the parties confirmed the record remains the same

10   now as it did in 2022 and the court confirms its findings based on that record here.  Both of

11   plaintiffs' proposed classes meet the numerosity, commonality and typicality requirements of

12   Rule 23(a).

13           In their opposition to plaintiffs' renewed motion for class certification, Fresno State makes

14   identical arguments to those it made in opposition to plaintiffs' original motion for class

15   certification: that plaintiffs have not adequately proven numerosity, that plaintiffs' failure to take

16   into account sport-specific decisions at Fresno State shows they cannot establish commonality,

17   and that because the named plaintiffs all played on the now defunct women's lacrosse team, their

18   claims are not typical of the proposed classes, which include athletes who participate in other

19   sports at Fresno State.  *Compare* Defs.' Response Pls.' First Mot. for Class Cert. at 14–18 *with*

20   Response at 19–22.  At oral argument, Fresno State clarified it was making a request for

21   reconsideration under Federal Rules of Civil Procedure 23(c)(1)(C), providing "an order that

22   grants or denies class certification may be altered or amended before final judgment."

23           The court denies Fresno State's request.  The court finds the prior order carefully

24   explained why plaintiffs meet the numerosity, commonality and typicality requirements and does

25   not find it necessary to revise its findings.  *See* Order (Aug. 16, 2022) at 10–17.  Fresno State

26   argues the court should revisit numerosity, commonality and typicality because the court must

27   conduct "a rigorous analysis . . . given the passage of time."  Joint Status Rep. at 4.  But Fresno

28   State does not show how the passage of time might impact the court's analysis of these

1    requirements here.  At oral argument, Fresno State admitted it has not provided updated data or

2    any new evidence for the court's consideration.  Instead, Fresno State simply argues that because

3    the named plaintiffs are no longer students at Fresno State, they fail the typicality and

4    commonality tests for the classes they propose to represent.  However, because the court has

5    found the inherently transitory principle applies to this case, as discussed above, the named

6    plaintiffs retain their ability to continue in this case; as properly representative of students at

7    Fresno State, they are both common and typical of the classes they seek to represent.

8        **B.        Adequacy**

9        The court previously found plaintiffs' proposed class representatives were inadequate to

10   represent both classes because the plaintiffs' affiliation with the women's lacrosse team favored

11   the women's lacrosse team and its members over other women's sports teams and their members.

12   *See* Order (Aug. 16, 2022) at 20.  The Ninth Circuit reversed, finding clear error because the

13   conflict the district court identified was only speculative.  *Anders*, 2024 WL 177332, at *2.  The

14   Circuit instructed this court on remand "to specifically assess whether a conflict exists under the

15   equal treatment claim" as well.  *Id.*  The Circuit also raised the possibility of a further amended

16   complaint and motion practice related to "the justiciability of the equal treatment claim."  *Id.*  The

17   Circuit suggested this court "may need to resolve those motions before considering whether a

18   conflict exists under the equal treatment claim."  *Id.*  The court therefore turns to this issue first.

19       **1.        Amendments and Justiciability**

20       In their renewed motion for class certification, plaintiffs argue that notwithstanding the

21   Circuit's decision, they do not need to seek to further amend their complaint; they say "[n]o

22   conflict exists" as plaintiffs "seek an injunction that only requires Fresno State to comply with

23   Title IX." Mem. at 15.  Fresno State argues plaintiffs improperly ignored the Ninth Circuit's

24   suggestion they amend their complaint.  Opp'n at 23.  At oral argument, in an attempt to clarify

25   the relief plaintiffs are seeking in their operative complaint, the court asked the parties if they

26   could submit a stipulation and proposed order identifying the portions of the operative complaint

27   /////

12

1   that can be stricken given the procedural history of the case since it was filed.  Mins. Mot. Hr'g

2   (Jan. 23, 2025).

3          The parties have submitted declarations from their counsel on their unsuccessful efforts to

4   arrive at a stipulated agreement.  *See* Bryant Decl. (Jan. 30, 2025), ECF No. 179; Schwartz Decl.

5   (Jan. 30, 2025), ECF No. 180.  However, it is telling that plaintiffs, among other proposed edits to

6   the complaint, are willing to strike a reference to the women's lacrosse team in paragraph C of the

7   prayer for relief.  *See* Bryant Decl. (Jan. 30, 2025) Ex. C at 4, ECF No. 179-3.  This proposed edit

8   appears to be consistent with the Ninth Circuit panel's assumption plaintiffs would need to amend

9   their complaint.  The only other reference remaining to the women's lacrosse team is in the prayer

10  for relief, regarding plaintiffs' desire for equal treatment for women's lacrosse players for "this

11  academic year"—2021.  *See id.*  This second request tracks the preliminary injunction the court

12  previously granted in part and denied in part, before plaintiffs filed their operative complaint.  *See*

13  Order (Apr. 21, 2021).  The remainder of the proposed revised prayer for relief seeks only that

14  Fresno State abide by Title IX.  *See* Bryant Decl. Ex. C.

15         Plaintiffs' most recent proposed revisions to the complaint are consistent with their

16  statements and actions since the court's denial of plaintiffs' request to enjoin Fresno State from

17  eliminating the women's lacrosse team.  *See* Order (Apr. 21, 2021).  They have been clear they

18  are only seeking an injunction that mandates Fresno State abide by Title IX and are not seeking a

19  reinstatement of the women's lacrosse team.  *See* Mem. at 15–17; Anders Decl. (Aug. 30, 2022)

20  ¶ 6, ECF No. 165-9; Walburger Decl. (Aug. 30, 2022) ¶ 6, ECF No. 165-11; Reply to Opp'n

21  Renewed Mot. Class Cert. Ex. A, ECF No. 97-2 (plaintiffs' attempt to seek stipulation from

22  Fresno State to make similar clarifying edits to operative complaint).  Plaintiffs do not need to

23  amend their complaint further and there is no conflict between the named plaintiffs for the

24  effective accommodation claim and the named plaintiffs for the equal treatment claim, as they

25  /////

1    both seek to have Fresno State comply with Title IX.  The court therefore considers whether

2    plaintiffs have satisfied the adequacy requirements of Rule 23(a)(4).

3                    **2.**        **Named Representatives' Adequacy**

4           In applying Rule 23(a)(4), courts resolve two questions: "(1) do the named plaintiffs and

5    their counsel have any conflicts of interest with other class members and (2) will the named

6    plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  *Hanlon v.*

7    *Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998), *overruled on other grounds by Wal-Mart*,

8    564 U.S. at 338.  Whether the proposed class representatives adequately represent the class is a

9    "question of fact to be determined on the basis of all of the relevant circumstances regarding" the

10   case.  *Soc. Servs. Union, Local 535 Serv. Emps. Int'l Union, AFL-CIO v. Santa Clara County*,

11   609 F.2d 944, 947 (9th Cir. 1979).  Any conflict must be "actual" and not "speculative."

12   *Cummings v. Connell*, 316 F.3d 886, 896 (9th Cir. 2003).

13          The court finds that Anders and Walburger are adequate named representatives for both

14   the effective accommodation class and the equal treatment class.  Both named plaintiffs recognize

15   the remedy both classes seek is the enforcement of Title IX at Fresno State for all women athletes

16   and not the reinstatement of the women's lacrosse team.  As Anders testified in her 2022

17   deposition, "the thing that I would like to see most come out of this [case] is just overall the

18   general fair treatment of everybody and . . . for Title IX to be a main priority of the schools."

19   Bryant Decl. Ex. 2 (Anders Dep.) at 62, ECF No. 165-4.  Similarly, Walburger desires "Fresno

20   State [to] become[] [sic] in compliance with Title IX . . . ."  Bryant Decl. Ex. 3 (Walburger Dep.)

21   at 49, ECF 165-5.  Further, both understand the main point of the case is to obtain an order that

22   Fresno State stop discriminating against women athletes and come into compliance with Title IX.

23   *See* Anders Decl. (Aug. 30, 2022) ¶ 6; Walburger Decl. (Aug. 30, 2022) ¶ 6.  Finally, both

24   plaintiffs have shown the capacity to pursue this action vigorously.  Anders has stated she is

25   inspired by her mother to "fight for what's right" and hopes to provide "an environment at Fresno

26   State [where] everyone is going to be treated equally."  Anders Dep. at 61.  Walburger, similarly,

27   /////

1    wants to ensure that what she alleges happened to her does not happen to any other female

2    athletes at Fresno State.  Walburger Dep. at 47.

3         Fresno State argues the named plaintiffs are not adequate representatives because they

4    have "repeatedly testified they have no knowledge whatsoever concerning the treatment and

5    benefits of any other women's athletic team." Response at 23.  Yet as plaintiffs point out, class

6    representatives are not required to have knowledge of all the facts of the litigation.  Pls.' Reply at

7    12.  Instead, "[t]he threshold of knowledge required to qualify a class representative is low; a

8    party must be familiar with the basic elements of her claim . . . , and will be deemed inadequate

9    only if she is startlingly unfamiliar with the case." *Moeller v. Taco Bell Corp.*, 220 F.R.D. 604,

10   611 (N.D. Cal. 2004) (internal marks and citations omitted).  Here, both Anders and Walburger

11   show an adequate awareness of the claims and proposed remedies in the case.

12                    3.      **Class Counsel**

13        As with the adequacy test for named representatives, when determining adequacy of class

14   counsel, courts examine whether counsel have conflicts of interest and if counsel will prosecute

15   the action vigorously on behalf of the class members.  *See Sali v. Corona Reg'l Med. Ctr.*, 909

16   F.3d 996, 1007 (9th Cir. 2018).  In addition, under Rule 23(g), courts determine whether class

17   counsel are "qualified, experienced, and generally capable to conduct the litigation[.]" *Id.*

18   (internal marks and citations omitted).

19        The court finds Clarkson Law Firm and Caddell & Chapman meet the adequacy standard

20   of Rule 23(a)(4) and appoints Clarkson as class counsel and Caddell & Chapman as co-counsel

21   under Rule 23(g).  The court finds no conflict that would prevent either law firm from

22   representing the classes of plaintiffs in this case.  Moreover, as plaintiffs point out, these class

23   counsel have briefed responses to multiple challenges to the pleadings and have sought class

24   certification multiple times already in this litigation.  *See* Pls.' Reply at 12–13.  They have

25   litigated a Rule 23(f) appeal to the Ninth Circuit and successfully argued for a reversal of a

26   previous denial of class certification.  *See id*.  They have an in-depth familiarity with the case.

27        Class counsel is qualified to pursue this litigation.  Arthur Bryant, the head of Clarkson's

28   Title IX practice, has litigated sex discrimination claims since 1983, including a large number of

                                          15

1    complex Title IX cases in which he has represented female athletes.  *See* Bryant Decl. Ex. 4

2    (Clarkson Firm Resume), ECF No. 165-6.  Carey Alexander and Neda Saghafi, who work under

3    Bryant, have both handled complex litigation as well.  *See id.*  Michael Caddell and Cynthia

4    Chapman of Caddell & Chapman have significant experience in complex class actions.  *See*

5    Mem. at 18.  Bryant, Caddell and Chapman have been with the case from the beginning and,

6    given the time they have spent on the case and their deep familiarity with it, they clearly are

7    willing to expend the resources needed to keep pursuing the action.

8         Fresno State makes a variety of arguments suggesting the proposed class counsel have

9    conflicts that prevent them from adequately serving in this litigation.  *See* Response at 23–27.

10   First, Fresno State argues the proposed counsel has acted to the detriment of the general class of

11   female athletes by also seeking to certify a subclass comprised only of women's lacrosse players.

12   *Id.* at 24.  As plaintiffs point out, however, this court expressly allowed plaintiffs' counsel to

13   make such a motion.  *See* Order (Nov. 22, 2022) at 18–19.  Further, plaintiffs are not currently

14   seeking to certify a women's-lacrosse-players-only subclass, so there is no potential for a current

15   conflict in that respect.  *See* Joint Status Rep. at 2.  Second, Fresno State argues proposed counsel

16   are more concerned with receiving high fees than with litigating on behalf of the classes.  *See*

17   Response at 24–25.  Fresno State asserts the proposed counsel improperly allowed third parties to

18   pay for fees, prevented Anders from obtaining an individual settlement without the approval of

19   counsel and improperly engaged in fee sharing with other attorneys without the consent of the

20   named plaintiffs, all activities that would help drive up the costs of litigation.  *See id.*

21        In response to Fresno State's ethical objections, plaintiffs have obtained a declaration

22   from an ethics expert, David Parker.  *See* Parker Decl., ECF No. 169-6.  At oral argument, Fresno

23   State clarified it does not object to the declaration.  Parker has been a member of the Los Angeles

24   County Bar Association Committee on Professional Responsibility and Ethics for the last 25

25   years.  *Id.* ¶ 3.  As Parker points out, the earlier agreement between Anders and Bryant, when

26   Bryant was working for Bailey & Glasser, does not allow third parties to pay for fees only to

27   advance costs.  *See* Bailey & Glasser Agreement.  There is no ethical violation arising from third

28   parties advancing costs.  *See* Parker Decl. ¶ 15 (noting that neither California Rules of

1    Professional Conduct Rule 1.8.6 nor any other California Rule of Professional Conduct bars third

2    parties from advancing costs).  Moreover, the current agreement between Anders and Clarkson

3    makes no reference to third parties.  *See* Clarkson Representation Agreement.  Second, Parker

4    notes plaintiffs' counsel are not explicitly preventing Anders from settling.  *Id.* ¶ 16.  They did

5    create an exception to the fee waiver, *see* Clarkson Representation Agreement, but there is

6    nothing unethical about such a waiver in the class action context, *see id.* ¶ 16.  Finally, Parker

7    notes there is nothing unethical about plaintiffs' fee-sharing agreements provided the attorneys

8    disclose the division and obtain consent from the client, and do not increase the overall fees as a

9    consequence.  *Id.* ¶ 17.  In any event, Parker notes that fee-sharing provisions are more relevant

10   "in the context of a classwide settlement" than they are in the class certification context, as a "fee

11   sharing agreement merely presupposes a settlement or other recovery."  *Id.*

12        The court finds Parker's declaration compelling and plaintiffs' arguments persuasive.  The

13   court expressly finds there are no relevant conflicts.  The third-party provision is not in the

14   current contract and, provided counsel fully discloses the nature of the fee arrangement, lawyers

15   can make exceptions to a fee waiver.  The court agrees that fee divisions are likely immaterial to

16   the class certification context and, because Fresno State has not cited to any cases that suggest or

17   hold otherwise, the court will not consider fee sharing agreements in determining class counsel

18   adequacy.

19        Finally, Fresno State argues proposed counsel are not adequate because they are unlikely

20   to prosecute the case vigorously.  *See* Response at 26.  Fresno State's main argument is that

21   plaintiffs have not been able to progress in the litigation, and it is their lawyers' fault.  *See id.*  But

22   for the reasons stated above in the court's dismissal of plaintiffs' motion to dismiss, the court is

23   not persuaded.  Plaintiffs have met the court's deadlines and successfully litigated an appeal at the

24   Ninth Circuit.  *See generally* Background.  Any lack of progress is not the lawyers' fault.  Fresno

25   State also argues the Clarkson firm is inadequate because a district court in the Northern District

26   of California determined the firm was inadequate in an earlier class action, *Kaur v. Things*

27   *Remembered*.  *See id.*  Plaintiffs respond that while an attorney who eventually came to be

28   employed at the firm worked on the Northern District case, he did not start at the firm until after

17

1    the case was decided.  *See* Pls.' Reply at 15.  Clarkson Decl. ¶¶ 3–6, ECF No. 169-2.  Even if this

2    attorney had been working at Clarkson, he is not named as counsel for this action.  The court is

3    unpersuaded that *Kaur* has any relevance to this litigation.  Finally, Fresno State argues Caddell

4    & Chapman has been inadequate as counsel because lawyers in the firm did not file motions or

5    respond to motions while Arthur Bryant was transitioning to a new firm in the summer of 2024.

6    Response at 27.  But here too, the court is unpersuaded.  Caddell & Chapman have appeared on

7    all the dispositive motions in this now four-year-old case and generally have demonstrated

8    diligence.  *See, e.g.*, Pls.' Renewed Mot. Class Cert., ECF No. 94.

9         Plaintiffs have therefore satisfied the four prerequisites of Rule 23(a).  The court turns

10   next to the requirements of Rule 23(b).

11        **C.     23(b)(2)**

12        Plaintiffs seek certification under Rule 23(b)(2).  To satisfy Rule 23(b)(2), "it is

13   sufficient . . . that class members complain of a pattern or practice that is generally applicable to

14   the class as a whole." *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010), *abrogated on*

15   *other grounds as recognized by Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1199 (9th Cir. 2022).

16   "The fact that some class members may have suffered no injury or different injuries from the

17   challenged practice does not prevent the class from meeting the requirements of Rule 23(b)(2)."

18   *Id.*  There is no "freestanding administrative feasibility prerequisite to class certification,"

19   particularly when plaintiffs seek certification under Rule 23(b)(2).  *Briseno v. ConAgra Foods,*

20   *Inc.*, 844 F.3d 1121, 1125 (9th Cir. 2017); *see also, e.g.*, *Campbell v. Facebook Inc.*, 315 F.R.D.

21   250, 259 (N.D. Cal. 2016) (finding "ascertainability" to be irrelevant to Rule 23(b)(2) analysis).

22        The court finds both of plaintiffs' proposed classes meet the requirements of Rule

23   23(b)(2).  Both classes comprise current and future female students at Fresno State who seek to

24   participate in intercollegiate athletics.  *See* Mem. at 8.  Both classes seek the same remedy: that

25   Fresno State abide by Title IX. *See* Anders Decl. (Aug. 30, 2022) ¶ 6.  Fresno State's alleged

26   wrongdoing, further, is a pattern or practice that is generally applicable to both classes, as female

27   students who do play or who desire to play sports at Fresno State will be impacted if Fresno State

28   fails to effectively accommodate women's sports teams and treat women's teams equally with

1   men's teams.  *See generally* SAC.  Some members of the proposed class—perhaps those who

2   desire to play intercollegiate varsity athletics but would not make the team under any condition—

3   may not be injured or may suffer only slight injuries in comparison to others—those, for example,

4   who are currently playing women's sports at Fresno State.  But disparities such as these do not

5   prevent this court from certifying a class under 23(b)(2).  *See Rodriguez*, 591 F.3d at 1125.

6        Fresno State argues in response the two classes fail because they are not ascertainable.  It

7   asks this court to address the issue, as, it says, "[t]his court has yet to rule on Fresno State's

8   arguments concerning the ascertainability of the proposed classes."  Response at 15 n.5.  District

9   courts within the Circuit have long refused to apply an "ascertainability" standard in Rule

10  23(b)(2) cases, *see, e.g.*, *Campbell*, 315 F.R.D. at 259, and the Ninth Circuit has held in a binding

11  opinion that "ascertainability" is not a requirement under Rule 23, *see Briseno*, 844 F.3d at 1133.

12  All that is required is that plaintiffs meet the demands of Rule 23(a), 23(g) and Rule 23(b).  As

13  noted above, the court finds plaintiffs have met these requirements, and that their two classes and

14  counsel should be certified.

15       The court certifies plaintiffs' effective accommodation class and its equal treatment class

16  and approves the Clarkson Law Firm and Caddell & Chapman as class counsel.

17  **IV.   CONCLUSION**

18       For the reasons stated above, the court **denies** Fresno State's motion to dismiss and **grants**

19  plaintiffs' renewed motion for class certification.  A status conference is set for **April 10, 2025 at**

20  **2:30 p.m.**  The parties shall meet and confer and file a joint status report with a proposed

21  schedule for the case moving forward into the merits phase no later than fourteen (14) days before

22  the status conference.

23       This order resolves ECF Nos. 151 and 165.

24       IT IS SO ORDERED.

25  DATED:  March 7, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE