Michael A. Caddell (SBN 249469)
Cynthia B. Chapman (SBN 164471)
Amy E. Tabor (SBN 297660)
**CADDELL & CHAPMAN**
P.O. Box 1311
Monterey, CA 93942
Tel.: (713) 751-0400
Fax: (713) 751-0906
*mac@caddellchapman.com*
*cbc@caddellchapman.com*
*aet@caddellchapman.com*

Arthur H. Bryant (SBN 208365)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Hwy
Malibu, CA 90265
Tel.: (213) 788-4050
Fax: (213) 788-4070
*abryant@clarksonlawfirm.com*

*Class Counsel*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR ANDERS, HENNESSEY EVANS, ABBIGAYLE ROBERTS, MEGAN WALAITIS, TARA WEIR, and COURTNEY WALBURGER, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>CALIFORNIA STATE UNIVERSITY, FRESNO and BOARD OF TRUSTEES OF CALIFORNIA STATE UNIVERSITY,<br><br>        Defendants. | Case No. 1:21-cv-00179-KJM-BAM<br><br>**NOTICE OF MOTION, PLAINTIFFS' UNOPPOSED MOTION TO SUBSTITUTE CLASS COUNSEL, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date: July 10, 2025<br>Time: 10:00 a.m.<br>Location: Courtroom 3 – 15th Floor<br>Judge: Hon. Kimberly J. Mueller |

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

1    **PLEASE TAKE NOTICE** that Plaintiffs Taylor Anders, Hennessey Evans, Abbigayle

2    Roberts, Megan Walaitis, Tara Weir, and Courtney Walburger ("Plaintiffs"), by and through their

3    counsel, will move this Court in Courtroom 3, 15th floor, of the United States District Court for

4    the Eastern District of California, located at 501 I Street, Sacramento, California 95814, on July

5    10, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard, for entry of an order

6    substituting Arthur Bryant Law, P.C., as Class Counsel in place of Clarkson Law Firm, P.C.

7        This motion is based on this notice of motion, the memorandum of points and authorities

8    and the declaration of Arthur H. Bryant in support of this motion.

9        Pursuant to this Court's Civil Standing Order, Plaintiffs certify that the parties have

10   exhausted their meet and confer efforts regarding the relief sought. Prior to filing this motion, the

11   parties met and conferred telephonically and by email from May 20 to May 22, 2025. Defendants

12   have informed Plaintiffs that they do not oppose the Motion.

13       In regard to settlement, pursuant to ECF No. 195, the Parties are scheduled to appear before

14   Judge McAuliffe for an in-person settlement conference on June 5, 2025, at 9:30 a.m.

15    Dated: May 22, 2025                    Respectfully Submitted,

16                                           */s/ Arthur H. Bryant*
17                                           Arthur H. Bryant (SBN 208365)
                                             **CLARKSON LAW FIRM, P.C.**
18                                           22525 Pacific Coast Hwy
                                             Malibu, CA 90265
19                                           Tel.: (213) 788-4050
                                             Fax: (213) 788-4070
20                                           *abryant@clarksonlawfirm.com*

21                                           Michael A. Caddell (SBN 249469)
22                                           Cynthia B. Chapman (SBN 164471)
                                             Amy E. Tabor (SBN 297660)
23                                           **CADDELL & CHAPMAN**
                                             P.O. Box 1311
24                                           Monterey, CA 93942
                                             Tel.: (713) 751-0400
25                                           Fax: (713) 751-0906
                                             *mac@caddellchapman.com*
26                                           *cbc@caddellchapman.com*
                                             *aet@caddellchapman.com*
27

28                                           *Class Counsel*

*Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265*

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

## <u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO SUBSTITUTE CLASS COUNSEL</u>

Plaintiffs respectfully submit this memorandum of points and authorities in support of their motion to substitute Arthur Bryant Law, P.C., as Class Counsel in place of Clarkson Law Firm, P.C. ("Clarkson"). Arthur Bryant, who has served as lead counsel since this case's inception, recently opened his own firm, Arthur Bryant Law, P.C. With the support of the Class Representatives, Co-Class Counsel, and Clarkson, Plaintiffs respectfully request that the Court amend its class certification order, ECF No. 184, to reflect that Mr. Bryant's firm will serve as Class Counsel.

## I.    RELEVANT PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Plaintiffs previously filed four motions for class certification. ECF Nos. 88, 94, 117, 165. In each, Plaintiffs sought the appointment of either Mr. Bryant, ECF Nos. 88- at 18-19, 22 ¶ 3; 94-1 at 18-19, 25 ¶ 2; 117-1 at 23-24, 27 ¶ 3; 165-1, or Mr. Bryant's firm as Class Counsel. ECF No. 165 at 12-13, 16.

In granting Plaintiffs' Renewed Motion for Class Certification, the Court appointed Mr. Bryant's firm, "Clarkson as class counsel and Caddell & Chapman as co-counsel . . . ." ECF No. 184 at 15. In determining that Class Counsel satisfied the requirements of Rule 23(a)(4) and Rule 23(g), the Court pointed to Mr. Bryant's "in-depth familiarity with the case," *id.*, his oversight of and involvement in multiple successive rounds of class certification briefing and a successful appeal in this action to the Ninth Circuit, *id.*, and to his extensive experience litigating Title IX cases where he represented female athletes. *Id.* at 15-16.

## II.    LEGAL STANDARDS

Pursuant to Fed. R. Civ. P. 23(g)(1)(E), following the appointment of class counsel, the court is empowered to "make further orders in connection with the appointment." Fed. R. Civ. P. 23(g)(1)(E); *Wang v. Chinese Daily News*, 737 F.3d 538, 546 (9th Cir. 2013) (courts have "broad authority" to modify class certification orders "as appropriate"). When weighing a motion to substitute class counsel, the court references the standards found in Rule 23(a)(4) and Rule 23(g) to determine which counsel "is most suited to be appointed class counsel at this point in the

1

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

1    litigation." *LaCross v. Knight Transp. Inc.*, No. CV-15-00990-PHX-JJT, 2024 U.S. Dist. LEXIS

2    11478, at *12 (D. Ariz. Jan. 23, 2024); *Maloy v. Stucky, Lauer & Young, LLP*, No. 1:17-CV-336-

3    TLS, 2018 U.S. Dist. LEXIS 208948 (N.D. Ind. Aug. 15, 2018); *In re Dairy Farmers of Am.*

4    *Cheese Antitrust Litig.*, No. 09 CV 3690, 2013 U.S. Dist. LEXIS 162798, at *12-14 (N.D. Ill. Nov.

5    15, 2013). When determining the adequacy of class counsel, courts examine whether counsel have

6    conflicts of interest and if counsel will prosecute the action vigorously on behalf of the class

7    members. *See Sali v. Corona Reg'l Med. Ctr.*,909 F.3d 996, 1007 (9th Cir. 2018). Under Rule

8    23(g), the Court must consider: (1) the work the applicant has done identifying and investigating

9    claims; (2) counsel's experience in handling complex litigation and/or the types of claims at issue;

10   (3) counsel's knowledge of the law to be applied; and (4) the resources the applicant will commit

11   to the case. Fed. R. Civ. P. 23(g)(1)(A).

12   **III.    ARGUMENT**

13       The Court should amend its class certification order to reflect that Mr. Bryant's firm will

14   serve as Class Counsel because Mr. Bryant has been the lead attorney working to prosecute this

15   case since the case's inception and remains committed to seeing this case through to its resolution.

16   As courts have recognized, "[l]itigation is ultimately done by individual attorneys, not law firms,"

17   *Urakhchin v. Allianz Asset Mgmt. of Am., L.P.*, No. 8:15-cv-1614-JLS-JCGx, 2017 U.S. Dist.

18   LEXIS 144369, at *22 (C.D. Cal. June 15, 2017). Continuity of counsel "can be highly beneficial

19   to the class," especially where, as here, counsel possesses a "wealth of experience" related to the

20   case. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998).

21       Each of the relevant parties with an interest in the vigorous prosecution of this case has

22   consented to the requested substitution. The Class Representatives and other Plaintiffs have all

23   chosen for Mr. Bryant to remain as their counsel of record. Declaration of Arthur H. Bryant in

24   Support of Plaintiffs' Motion to Substitute Class Counsel ("Bryant Decl.") ¶ 5. While not

25   dispositive, the Class Representatives' choice is relevant because "a function of the class

26   representative is to monitor class counsel." *In re Honest Co. Sec. Litig.*, No. 2:21-cv-07405-MCS-

27   PLA, 2023 U.S. Dist. LEXIS 75683, at *16-17 (C.D. Cal. May 1, 2023). Further, Mr. Bryant has

28   spoken with Co-Class Counsel, Caddell & Chapman – who will remain actively engaged in this

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

1    matter – and Clarkson, and both consent to the requested substitution. Bryant Decl. ¶ 4.

2        No facts have changed that would disturb the Court's prior finding of adequacy under Rule

3    23(a)(4). The Court previously found that no conflicts exist that would prevent Mr. Bryant from

4    representing the classes of plaintiffs in this case, ECF No. 184 at 15, and Mr. Bryant's opening of

5    his own office does nothing to alter that finding.

6        Mr. Bryant and his firm continue to satisfy the requirements of Rule 23(g). As the Court

7    previously recognized, Mr. Bryant has done extensive work on this case since its inception. ECF

8    No. 184. Mr. Bryant's involvement extends beyond four rounds of class certification briefing and

9    a successful appeal in this case to the Ninth Circuit. Mr. Bryant was involved in the drafting of the

10   initial Complaint, ECF No. 1, and signed both the First Amended Complaint, ECF No. 36, and the

11   operative Second Amended Complaint, ECF No. 59. He has signed and overseen the drafting of

12   the filings of significance in this action, including Plaintiffs' Motion for Expedited Discovery,

13   ECF No. 9, Oppositions to Defendant's Motions to Dismiss, ECF Nos. 46, 68, Plaintiffs' appeal

14   of the Court's initial class certification denials, ECF No. 109, and Plaintiffs' Renewed Motion for

15   Class Certification, ECF No. 165. He personally argued Plaintiffs' Renewed Motion for Class

16   Certification, ECF No. 177, and is preparing to represent Plaintiffs at the approaching in-person

17   settlement conference. *See* ECF No. 195; Bryant Decl. ¶ 7. As the Court recognized, Mr. Bryant

18   has "an in-depth familiarity with the case." ECF No. 184 at 15. Thus, the first factor under Rule

19   23(g)(1)(A) is satisfied.

20       Mr. Bryant remains qualified to pursue this case. As the Court previously recognized, Mr.

21   Bryant "has litigated sex discrimination claims since 1983, including a large number of complex

22   Title IX cases in which he has represented female athletes." ECF No. 184 at 15-16. As previously

23   argued, Mr. Bryant has successfully represented more female student-athletes in Title IX litigation

24   than any lawyer in America. Bryant Decl. ¶ 6. He was twice named one of the 100 Most Influential

25   Attorneys in America by *The National Law Journal*. *Id.* ¶ 6. Mr. Bryant has appeared in federal

26   and state trial and appellate courts throughout the nation, including the United States Supreme

27   Court. *See, e.g.*, *Geier v. Am. Honda Motor Co., Inc.*, 529 U.S. 861 (1999); *Freightliner Corp. v.*

28   *Myrick*, 514 U.S. 280 (1995). He joined Public Justice (then called Trial Lawyers for Public

1  Justice) in 1984 as its sole staff attorney, became its Executive Director in 1987, its Chairman in

2  2014, and its Chairman Emeritus in 2019. *Id.* ¶ 6. He has received many awards, including for his

3  Title IX work. For example, he received the Enhanced Opportunity Award for Women's

4  Intercollegiate Athletics from the Council of Collegiate Women Athletic Administrators; was

5  named One of 50 Most Influential People in College Sports by *College Sports* magazine; received

6  an Honorary Degree from Ripon College for playing a "Significant Role in the Rise of Women's

7  Athletics in the United States,"; was named a finalist by the Women's Sports Foundation for the

8  Billie Jean King Contribution Award for "Significant Contribution to the Overall Development of

9  Girls' and Women's Sports"; received the "Sport At Its Best Award" from the League of Fans for

10 his success advancing equal opportunity in sports; and, in late 2021, was named a Sports Law

11 Trailblazer by *The National Law Journal* for his success representing female and male student-

12 athletes in Title IX litigation. *Id.* ¶ 6. Carey Alexander, an experienced class action practitioner

13 whose experience handling complex litigation the Court previously recognized, ECF No. 184 at

14 16, will continue to work with Mr. Bryant. Thus, the second and third factors under Rule

15 23(g)(1)(A) are satisfied.

16        Finally, Mr. Bryant has repeatedly demonstrated that he will commit the resources necessary

17 to successfully resolve this case. As the Court previously recognized: "Bryant, Caddell and

18 Chapman have been with the case from the beginning and, given the time they have spent on the

19 case and their deep familiarity with it, they clearly are willing to expend the resources needed to

20 keep pursuing the action." ECF No. 184 at 16. Mr. Bryant's demonstrated commitment to this case

21 remains unchanged. Thus, the final factor under Rule 23(g)(1)(A) is satisfied.

22 **IV.    CONCLUSION**

23        For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion

24 and substitute Arthur Bryant Law, P.C., as Class Counsel in place of Clarkson Law Firm, P.C.

25

26  Dated: May 22, 2025                          Respectfully Submitted,

27                                                 */s/ Arthur H. Bryant*

28                                                 Arthur H. Bryant (SBN 208365)
                                                   **CLARKSON LAW FIRM, P.C.**

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

22525 Pacific Coast Hwy
Malibu, CA 90265
Tel.: (213) 788-4050
Fax: (213) 788-4070
abryant@clarksonlawfirm.com

Michael A. Caddell (SBN 249469)
Cynthia B. Chapman (SBN 164471)
Amy E. Tabor (SBN 297660)
**CADDELL & CHAPMAN**
P.O. Box 1311
Monterey, CA 93942
Tel.: (713) 751-0400
Fax: (713) 751-0906
mac@caddellchapman.com
cbc@caddellchapman.com
aet@caddellchapman.com

*Class Counsel*


# CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system that will send notification of such filing to all ECF filing participants.


*/s/ Arthur Bryant*
Arthur Bryant