UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Taylor Anders, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>California State University, Fresno, et al.,<br><br>　　　　　　　Defendants. | No. 1:21-cv-00179-KJM-BAM<br><br>ORDER |

　　　　This matter was referred to the assigned Magistrate Judge for the preparation of findings and recommendations on the pending joint motion for preliminary approval of a class action settlement, ECF No. 208.  The Magistrate Judge filed findings and recommendations on September 23, 2025, recommending the court grant the motion, approve the notice, and set a hearing for final approval of the proposed class action settlement. ECF No. 214.  The parties filed a joint notice on September 24, 2025 that they have no objections to the findings and recommendations.  ECF No. 215.

　　　　The court has reviewed the findings and recommendations and finds they are correct and supported by the record and the proper analysis, among other reasons due to the nature of the claims, the complexity of the case and its long duration.  The court therefore orders as follows:

　　　　(1)　　The motion for preliminary approval of the class action settlement (ECF No. 208) is **granted**.

(2) A hearing on the final approval of the settlement is set before Judge Mueller in Courtroom 3 of the Sacramento Courthouse, 501 I Street, Sacramento, CA 95814 on **Monday November 17, 2025 at 10:00 a.m.** to determine whether the proposed settlement is fair, reasonable and adequate and whether it should be finally approved. The court may adjourn or continue the final approval hearing without further notice to the members of the classes.

(3) The two classes are identical to the classes previously certified and therefore meet the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure. The following persons are certified as class members for the purpose of entering a settlement in this matter. For plaintiffs' claim for equal participation opportunities, the class is:

> Current and future female California State University, Fresno ("Fresno State") students who: (i) have lost membership on a women's varsity intercollegiate athletics team at Fresno State; (ii) have sought but not achieved membership on a women's varsity intercollegiate athletics team at Fresno State; and/or (iii) are able and ready to seek membership on a women's varsity intercollegiate athletics team at Fresno State but have not done so due to a perceived lack of opportunity.

For plaintiffs' claim for equal athletic treatment and benefits, the class is:

> Current and future female Fresno State students who: (i) participate or have participated in women's varsity intercollegiate athletics at Fresno State; and/or (ii) are able and ready to participate in women's varsity intercollegiate athletics at Fresno State but have been deterred from doing so by the treatment received by female varsity intercollegiate student-athletes at Fresno State.

(4) The court finds on a preliminary basis that the settlement agreement, entered into among the parties and their counsel, is fair, adequate, and reasonable. It further appears to the court that the parties conducted extensive investigation and research, and that they were able to reasonably evaluate their positions and the strengths and weaknesses of the claims. The parties have provided the court with enough information about the nature and magnitude of the claims being settled, as well as the impediments to recovery, to make an independent assessment of the reasonableness of the terms to which the parties have agreed. Settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the parties were to continue to litigate the case. It further appears that the settlement agreement has been reached as the result of intensive, serious, and non-collusive arms-length negotiations, and was entered

2

1 into in good faith, to mitigate the potential of further losses to plaintiffs and the members or the
2 classes.

3     (5) The court preliminarily finds the settlement, which provides for Title IX Gender
4 Equity Review, a Title IX Gender Equity Plan, and closing Participation Gaps, appears to be
5 within the range of reasonableness of a settlement that could ultimately be given final approval by
6 this court.  The settlement agreement includes class counsel's request for attorneys' fees and costs
7 in the amount of $900,000.  The court preliminarily approves the settlement agreement, including
8 all the terms and conditions set forth therein and the allocation and payment of attorneys' fees and
9 costs.

10     (6)    The court approves, as to form and content, the Notice found at ECF No. 213-1
11 (revised "Notice"), which include revisions requested by the court.  *Id.*  The rights of any
12 potential objectors to the proposed settlement are adequately protected in that they may object to
13 the settlement and appear before the court at the final fairness hearing.  However, to do so, they
14 must follow the procedures outlined in the settlement agreement which are set out in the Notice.

15     (7)    The court finds that emailing the Notice and posting the Notice on Fresno State's
16 Athletics website substantially in the manner and form as set forth in the settlement agreement,
17 including accounting for email bouncebacks, and the Notice meets the requirements of Federal
18 Rules of Civil Procedure, Rule 23 and due process, and is the best notice practicable under the
19 circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

20     (8)    The court reaffirms appointment of plaintiffs' counsel—Bryant Law, P.C. and
21 Caddell & Chapman—as class counsel; class counsel are authorized to act on behalf of the class
22 representatives and the classes with respect to all acts or consents required by or which may be
23 given pursuant to the settlement and such other acts reasonably necessary to consummate the
24 settlement; the authority of class counsel includes entering into any necessary modifications or
25 amendments to the settlement on behalf of the class representatives and the settlement class which
26 they deem appropriate.

27     (9)    The court reaffirms appointment of plaintiffs Anders and Walburger as class
28 representatives.

(10) No later than **fourteen days** after the date this order is filed, Fresno State will send to all female students who attended Fresno State from the 2018–19 academic year through the present by sending them an email, at their last known address, with a link to the Notice and proposed settlement agreement documents and maintaining a link that will be posted on Fresno State's varsity athletic website to provide notice to all class members until the Fairness Hearing. If Fresno State receives more than a de minimis number of "bounceback emails" due to undeliverable emails, the parties will undertake reasonable steps to provide notice to those class members. The parties will inform the court of both the number of "bounceback email" responses received and the parties' efforts to address "bounceback emails" in their motion for final approval.

(11) Any objections to the settlement agreement shall follow the procedures set forth in the Notice and settlement agreement.

(12) All briefs, memoranda, petitions, and affidavits to be filed in support of final approval of the settlement shall be filed no later than **November 3, 2025**, or within another time as may be set by the court.

IT IS SO ORDERED.

DATED: October 2, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE