UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Taylor Anders, et al.,<br><br>                Plaintiffs,<br><br>    v.<br><br>California State University, Fresno and Board of Trustees of California State University,<br><br>                Defendants. | No. 1:21-cv-00179-KJM-BAM<br><br>ORDER |

       This matter came before the court on the parties' joint motion for final approval of a class action settlement (ECF No. 217) and plaintiffs' motion for attorneys' fees and costs (ECF No. 218). The court has reviewed the motions and the settlement agreement submitted by the parties, and as explained in this order, **grants** the motions for final approval and attorneys' fees and costs.

       This action is a class action against California State University, Fresno (Fresno State) on behalf of the settlement classes. On March 10, 2025, the court granted plaintiffs' renewed motion for class certification and certified two classes pursuant to Federal Rule of Civil Procedure

/////

/////

23(b)(2). ECF No. 184 at 9–10, 19. For plaintiffs' claim for equal participation opportunities, the court defined the Class as:

> Current and future female [Fresno State] students who: (i) have lost membership on a women's varsity intercollegiate athletics team at Fresno State; (ii) have sought but not achieved membership on a women's varsity intercollegiate athletics team at Fresno State; and/or (iii) are able and ready to seek membership on a women's varsity intercollegiate athletics team at Fresno State but have not done so due to a perceived lack of opportunity.

*Id.* For plaintiffs' claim for equal athletic treatment and benefits, the court defined the Class as:

> Current and future female Fresno State students who: (i) participate or have participated in women's varsity intercollegiate athletics at Fresno State; and/or (ii) are able and ready to participate in women's varsity intercollegiate athletics at Fresno State but have been deterred from doing so by the treatment received by female varsity intercollegiate student-athletes at Fresno State.

*Id.*

For purposes of certification of the settlement classes, the court does not revisit its analysis on class certification. The proposed settlement classes are identical to the classes previously certified. *See Kang v. Credit Bureau Connection, Inc.*, No. 18-01359, 2023 WL 3751117, at *5 (E.D. Cal. June 1, 2023). The classes continue to be certified.

Notice to the settlement classes required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the court's order preliminarily approving class action settlement and directing notice, and such notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Rule 23(e) and due process.

The court finds the parties arrived at the settlement agreement as a result of arms-length negotiations conducted in good faith by counsel for the parties, as facilitated by an experienced and highly capable Magistrate Judge, Barbara A. McAuliffe. The agreement is supported by the class representatives, Taylor Anders and Courtney Walburger, who along with class counsel have adequately represented the classes. The relief provided for the settlement classes is adequate, taking into account the costs, risks, and delay of trial and appeal; the terms of the settlement,

1  including the implementation of a Title IX Gender Equity Review and Gender Equity Plan; and
2  the terms of the proposed award of attorneys' fees and costs.  The proposed settlement treats
3  members of the settlement classes equitably relative to each other.
4       Class members were given an opportunity to object to the settlement and to amounts
5  allocated for attorneys' fees, costs, and service awards.  No objections were received by class
6  counsel or filed with the court.
7       The parties and each member of the settlement classes have irrevocably submitted to the
8  exclusive jurisdiction of this court for any suit, action, proceeding, or dispute arising out of the
9  agreement.
10      It is in the best interests of the parties and the members of the classes and consistent with
11 principles of judicial economy that any dispute between any class members and any released
12 party that in any way relates to the applicability or scope of the agreement or the final approval
13 order should be presented exclusively to this court for resolution by this court.
14      The court has considered the motion for attorneys' fees and costs and the proposed award
15 of $900,000.  The court finds the proposed award is reasonable given the long-running and hard-
16 fought nature of this case, which included extensive pretrial litigation and appellate practice.
17 Counsel for the settlement classes and the defense litigated vigorously on behalf of their clients
18 over many years.  The court declines to second-guess the judgment of experienced class counsel
19 in the allocation of their time, given their success in obtaining a favorable and meaningful
20 settlement.  *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (advising
21 district courts to "defer to the winning lawyer's professional judgment as to how much time . . .
22 was required").  While counsel's proposed hourly rates are higher than those typically approved
23 as reasonable within this district, it is not necessary to scrutinize those rates further, nor counsel's
24 hours, as the total proposed award is less than half of the "lodestar" award, i.e., the number of
25 hours expended multiplied by the proposed hourly rate.
26      For these reasons, the court orders as follows:
27      1. The settlement agreement submitted by the parties is finally approved under Rule 23(e)
28 of the Federal Rules of Civil Procedure as fair, reasonable, and adequate and in the best interests

of the settlement classes and the parties are directed to consummate the agreement in accordance with its terms.

2. As agreed by the parties, upon the effective date, defendant and the released parties shall be formally released in accordance with the terms of the agreement.

3. Without affecting the finality of this judgment, the court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement.  In addition, without affecting the finality of this judgment, the court retains exclusive jurisdiction over defendant and each member of the settlement classes for any suit, action, proceeding or dispute arising out of or relating to this order, the agreement or the applicability of the agreement.  Without limiting the generality of the foregoing, any dispute concerning the settlement agreement, including, but not limited to, any suit, action, arbitration or other proceeding by a class member in which the provisions of the settlement agreement are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this order.  Solely for purposes of such suit, action or proceeding, to the fullest extent possible under applicable law, plaintiffs and all members of the settlement classes are hereby deemed to have irrevocably waived and agreed not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of this court, or that this court is, in any way, an improper venue or an inconvenient forum.

4. The plaintiffs' attorneys' fees and costs in the lump sum amount of $900,000 are reasonable and are to be paid by defendant in accordance with the terms of the agreement.

5. The court finds, as provided by Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directs the Clerk's Office to enter final judgment.

This order resolves ECF Nos. 217 and 218.

IT IS SO ORDERED.

DATED: November 18, 2025.

SENIOR UNITED STATES DISTRICT JUDGE